# ted States of America

## DEPARTMENT OF THE NAVY

*Washington, D.C.,* 20370-5100

**I hereby certify** *that the annexed* pages 001 - 366 constitute a true and accurate copy of the administrative file of the Board for Correction of Naval Records in the case of former SM1 Jeffrey G. Walls, USN; such record being kept in the ordinary course of official supervision and custody

*on file in the* Board for Correction of Naval Records

W. DEAN PFEIFFER
Executive Director
(Official title)
Board for Correction of Naval Records
Washington, D. C. 20370

## OFFICE OF THE SECRETARY

**I hereby certify** *that* W. Dean Pfeiffer

*who signed the foregoing certificate, was at the time of signing* Executive Director, Board for Correction of Naval Records

*and that full faith and credit should be given his certification as such.*

**In testimony whereof,** *I have hereunto set my hand and caused the Seal of the Navy Department to be affixed this* 27th *day of* MARCH,

*two thousand* & SEVEN

H. H. DRONBERGER
Captain, JAGC, U.S. Navy
(Civil Law)
For the Secretary of the Navy

NAVJAG 5800/12 (REV. 1-00)

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE
Docket No. 08381-05
25 August 2006

BRIAN BISHOP
CLERK OF COURT
US COURT OF FEDERAL CLAIMS
717 MADISON PLACE NW
WASHINGTON DC 20005

RE: Claim Court Civil Docket 1:05-CV-00533-MMS

Dear Mr. Bishop:

Enclosed as per your request is a copy of the decision of the Board for Correction of Naval Records in the case of SM1 Jeffrey G. Walls, USN, Retired.

If you have any questions, you can contact me at 703-614-2133 or james.exnicios@navy.mil.

Sincerely,

JAMES R. EXNICIOS
Disability Section

Enclosure

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE
Docket No. 08381-05
17 May 2006

SM1 JEFFREY G WALLS
[redacted]

Dear Petty Officer Walls:

This is in reference to your application for correction of your naval record pursuant to the provisions of title 10 of the United States Code, section 1552.

A three-member panel of the Board for Correction of Naval Records, sitting in executive session, reconsidered your application on 4 May 2006, and considered the allegations contained in the "MEMORANDUM OPINION" (hereinafter Memorandum) you filed with the clerk of the U.S. Court of Federal Claims on 10 May 2005, in Civil Action 05-533C. Your allegations of error and injustice were reviewed in accordance with administrative regulations and procedures applicable to the proceedings of this Board. Documentary material considered by the Board consisted of your application, together with all material submitted in support thereof, your naval record and applicable statutes, regulations and policies. It also considered advisory opinions provided by the Office of the Chief of Naval Operations, dated 9 November 2005, the Navy Personnel Command, dated 23 December 2005, and the Chief, Bureau of Medicine and Surgery, dated 10 March 2006. A copy of each opinion is attached. Copies of those opinions were previously forwarded to you for your review and comment. You did not submit a response to any of the opinions. You also failed to respond to a request from a member of the staff of the Board that you submit copies of the leave and earning statements described in Memorandum, paragraph 14a; a copy of the report of medical examination which indicates that you were considered physically qualified for employment with the Maryland State Police; a statement of the military duties, if any, you performed during the period 1 July 2000-31 March 2001;

and details of the do-it-yourself move you performed following your transfer to the Fleet Reserve.

As a preliminary matter, the Board noted that although a petitioner may become entitled to monetary payments as a result of the correction of his record, the Board may not authorize or direct any payments that are not the result of a record correction, such as payments for emotional distress or suffering, or those you requested in Memorandum, paragraphs 14a-c.

After careful and conscientious consideration of the entire record, the Board found that the evidence submitted was insufficient to establish the existence of probable material error or injustice. In this regard, the Board substantially concurred with the comments contained in the advisory opinions. Additional specific findings of the Board are below.

Your contention that you did not undergo a pre-retirement physical examination is false. You underwent such an examination on 2 June 2000 at the Naval Branch Medical Clinic, Washington Navy Yard. You advised the physician's assistant who conducted the examination that you did not have significant back pain at that time, and you did not report any conditions you felt required further evaluation, or rendered you unfit for duty. You completed a Report of Medical History on 2 June 2000 in which you indicated that your health was good and that you were not taking any medications. Upon completion of the examination, you were found fit for separation. As indicated above, as you had reached your high-year tenure, you had the option of being transferred to the Fleet Reserve, or being completely severed from the Navy. As you know, you elected transfer to the Fleet Reserve.

You have not demonstrated that officials or agents of the Department of the Navy harmed you as you alleged in Memorandum, paragraph 3d, or that you suffered from a significant spinal disorder that was undiagnosed from 1985 to 2001. Although you were treated for a number of minor illnesses and medical conditions during your career, none of them rendered you unfit to reasonably perform the duties of your office, grade, rank or rating. There is no basis for concluding that medical malpractice occurred in your case.

It is very common for service members facing mandatory release from active duty and transfer to the Fleet Reserve to attempt to remain on active duty for an additional period of time by making

a last minute claim that they suffer from an unfitting medical condition or a disorder that requires urgent medical care prior to the member's release. As you pointed out in Memorandum, paragraph 3A, members pending mandatory transfer to the Fleet Reserve will be retained on active duty only in those cases where the member is hospitalized or a medical board has been referred to the Physical Evaluation Board. As you were not hospitalized on 30 September 2000, and as medical board had not been initiated, any action taken to retain you on active duty beyond 30 September 2000 was invalid. You did not lose your entitlement to medical care at government expense, as members of the Fleet Reserve remain entitled to such care.

As there was no objective evidence of significant spinal pathology in your case, or credible evidence of your inability to perform military duty, there was no basis for initiating a medical board. Had a medical board been completed and referred to the PEB, however, you would have been presumed fit for duty in accordance with the provisions of DOD Instruction 1332.38, part 3, paragraph E.2.d., as you were an enlisted member within twelve months of your high year tenure. It is unlikely that you could have successfully rebutted that presumption, as there is no credible evidence that your back condition was severe enough to have met the criteria listed in paragraphs E.3.a.-c. of the DOD instruction, Overcoming the Presumption (of Fitness).

Your contention that you were "unable perform any daily active [sic]", Memorandum paragraph 9, is unsubstantiated, and not considered credible.

Your reference to an allotment for "payment of his mother [sic] house", Memorandum, paragraph 10. p. 7, is not credible.

The available records do not show that you performed any military duties during the 1 October 2000-1 April 2001 period. You are not entitled to any additional "treatment, service, and reimbursement" for that period. There is no evidence that officials of the Department of the Navy acted in bad faith toward you, or that applicable policies were disregarded or violated.

Your complaints about the actions of the staff of the Board are without merit. After your initial application was denied, you repeatedly contacted the staff of the Board and falsely claimed that you had not been released from active duty, and that you were not receiving any payments from the Department of the Navy. As it was obvious that no useful purpose would be served by

speaking with you, you were advised that all further contact with the staff of the Board would have to be in writing. You submitted several requests for reconsideration of your application, each of which was denied.

In view of the foregoing, your application has been denied. The names and votes of the members of the panel will be furnished upon request.

It is regretted that the circumstances of your case are such that favorable action cannot be taken. You are entitled to have the Board reconsider its decision upon submission of new and material evidence or other matter not previously considered by the Board. In this regard, it is important to keep in mind that a presumption of regularity attaches to all official records. Consequently, when applying for a correction of an official naval record, the burden is on the applicant to demonstrate the existence of probable material error or injustice.

Sincerely,

ROBERT D. ZSALMAN
Acting Executive Director



00005

****** FOR OFFICIAL USE ONLY - PRIVACY ACT PROTECTED ******

MEMORANDUM TO FILE

Docket No. 08381-05

Examiner: JRE Branch/Status 1 -USN

Subj: EX-E-6 Walls, Jeffrey G., [redacted]

Personal appearance requested: NO Reconsideration: NO

Action Requested: 6

In addition to Petitioner's application (DD-149) with any attachments and any related correspondence, the Board considered the following records:

- [✓] Enlisted/Officer Service Record
- [ ] Examiner's Case Summary
- [ ] NDRB File
- [ ] Record of Court-Martial
- [ ] Medical Record
- [ ] VA Records
- [ ] PEB Record
- [ ] Advisory Opinion
- [ ] Other: ____

Messrs. Bourgeois Pietrick Frankuro

Ms. ____

voted on 4 May 06 to:

- [ ] Grant personal appearance

EXECUTIVE SESSION

- [ ] Grant relief
- [ ] Partial relief MAY 5 2006
- [✓] Deny

- [ ] Minority Vote: Mr/Ms ____ voted To ____

Comments: ____

- [ ] That Petitioner's naval record be corrected to show that on 1996/12/13 /or ____.

Petitioner was issued a honorable/general discharge by reason of misconduct/or ____, vice the discharge actually issued on that date.

DEPARTMENT OF THE NAVY
BUREAU OF MEDICINE AND SURGERY
2300 E STREET NW
WASHINGTON DC 20372-5300

IN REPLY REFER TO
6110
Ser M32/06UM3201565
10 Mar 2006

From: Chief, Bureau of Medicine and Surgery
To: Chairman, Board for Correction of Naval Records

Subj: RECOMMENDATION IN THE CASE OF SM1(ret) JEFFREY WALLS, [redacted]

Encl: (1) Clinical data on applicant.

1. Enclosure (1) is forwarded/returned.

2. Based on a courtesy review of the available medical information, the subject applicant was appropriately retired from active duty service.

3. Further processing by the Physical Evaluation Board is NOT recommended.

4. Note: chronic/recurrent back pain that did not prevent reasonable performance of duties and without a serious deterioration prior to retirement.

F. C. KASS
By direction

MAR 17 2006

DEPARTMENT OF THE NAVY
NAVY PERSONNEL COMMAND
5720 INTEGRITY DRIVE
MILLINGTON TN 38055-0000

7220
PERS-4823
23 Dec 2005

MEMORANDUM FOR SPECIAL ASSISTANT FOR BCNR MATTERS (PERS-00ZCB)

Subj: COMMENTS AND RECOMMENDATION ICO SM1 JEFFREY G. WALLS, USNRET, [redacted]

Ref: (a) BCNR MEMORANDUM 5420 PERS-3LC2 of 28NOV05

1. In response to reference (a), Requests for transfer to the fleet reserve are received electronically from all commands through the OPINS system and the members request is only seen by the local command. SM1 Walls was a mandatory retirement based on High Year Tenure policy and would have been separated without benefits at his Expiration of Active Obligated Service (EAOS) had no request for transfer to the fleet reserve been received. A review of records reveal that there was no request received by COMNAVPERSCOM to continue SM1 Walls on active duty to receive treatment. Of note, members that are mandatory transfers to the fleet reserve are not retained on active duty to receive medical treatment in accordance with SECNAVINST 1850.4 unless they overcome the presumption of fitness. To overcome the presumption of fitness, at that time, required the member to be evaluated and rated by the Central Physical Evaluation Board at 60% or greater. SM1 Walls was, based on the information on hand, properly transferred to the Fleet Reserve on his mandatory date. As a member of the fleet reserve, SM1 Walls was, and still is, entitled to follow up treatment through the Veterans Administration.

2. It is recommended that the mandatory transfer to the Fleet Reserve be upheld in this case and that no undue benefits be awarded to SM1 Walls. POC for this case is PNCS Milton Ware, (901) 874-2311.

R. D. LEWIS

DEPARTMENT OF THE NAVY
OFFICE OF THE CHIEF OF NAVAL OPERATIONS
2000 NAVY PENTAGON
WASHINGTON, D.C. 20350-2000

IN REPLY REFER TO
7220
Ser N130C4/05U0722
9 Nov 05

MEMORANDUM FOR THE EXECUTIVE DIRECTOR, BOARD FOR CORRECTIONS OF NAVAL RECORDS

Via: Assistant for BCNR Matters, Pers-00XCB

Subj: REQUEST FOR COMMENTS AND RECOMMENDATIONS ICO FMR MBR JEFFREY G. WALLS, USN, RET, [redacted]

Ref: (a) U.S.C., Title 37, 501

Encl: (1) BCNR Case File #08381-05

1. Per your request, the following recommendation concerning enclosure (1) is provided.

2. Enclosure (1) indicates a request for comments and recommendation on the petitioner's contention that he was improperly placed in a leave status from July – September 2000, and denied the opportunity to sell his unused accrued leave.

3. A review of the petitioner's Master Military Pay Account (MMPA) revealed that he has sold back a total of 60 days during his military career. The maximum LSL a member can sell back during a career is 60 days IAW reference (a).

4. Further review of the petitioner's MMPA revealed that he was charged 87 days of leave from the period of 04 July 00 – 30 September 2000. N130C is unable to determine if the petitioner was improperly placed in a leave status. Due to the petitioner having already sold back the maximum of 60 days, the petitioner had to either use his leave or lose the leave.

5. N130C recommends disapproval of the petitioner's request to sell back 60 days of leave.

G. A. PFARR
Assistant Head, Pay and Allowances Section (N130C4)

NOV 10

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE:jdh
Docket No. 08381-05
17 March 2006

SM1 JEFFREY G WALLS USN RET
[redacted]

Dear Petty Officer Walls:

Reference is made to your Application for Correction of Naval Records (DD Form 149).

The records in your case were referred to the appropriate office for an advisory opinion. The opinion has been received and a copy is enclosed for your information. This opinion is advisory only and is not binding upon the Board or the Secretary of the Navy.

If you wish to submit any further statement or additional documentary material in support of your application, you should do so within 30 days of the date of this letter.

Sincerely,

JAMES R. EXNICIOS
Head, Disability Section

Enclosure

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

~~00-~~ 0601565

JRE:jdh
Docket No. 08381-05
14 February 2006

From: Chairman, Board for Correction of Naval Records
To: Chief, Bureau of Medicine And Surgery, Code M32
Physical Qualifications
2300 E Street NW
Washington, DC 20372-5300

1565
1-22

Subj: REQUEST FOR COMMENTS AND RECOMMENDATION IN THE CASE OF SM1 JEFFREY G. WALLS, USN, RETIRED, [redacted]

Ref: (a) 10 U.S.C. 1552

Case

Encl: (1) BCNR File
(2) Service Record
(3) VA Record

1. Pursuant to reference (a), Subject requests a correction of his naval record as indicated in enclosure (1).

2. Subject contends, in effect, that a medical evaluation board should have been convened in his case prior to his release from active duty and transfer to the Fleet Reserve.

3. Please send your comments and recommendations and return the encloses with your reply.

4. If you have any questions, please contact Mr. James R. Exnicios, Head, Physical Disability Section, at (703) 614-2133.

for Jean Holloway
JAMES R. EXNICIOS
By direction

2/6/02
0233

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE:jdh
Docket No. 08381-05
18 January 2006 JAN 27 2006

001565

From: Chairman, Board for Correction of Naval Records
To: Chief, Bureau of Medicine and Surgery, Code M32
Physical Qualifications
2300 E STREET NW
WASHINGTON DC 20372-5300

Subj: REQUEST FOR COMMENTS AND RECOMMENDATION IN THE CASE OF SM1 JEFFREY G. WALLS USN, RETIRED, [redacted]

Ref: (a) 10 U.S.C. 1552

Encl: (1) BCNR File
(2) Service Record/microfiche and paper copy
(3) VA Record/Medical Record

1. Pursuant to reference (a), Subject requests a correction of his naval record as indicated in enclosure (1).

2. Subject contends, in effect, that a medical evaluation board should have been convened in his case prior to his release from active duty and transfer to the Fleet Reserve.

3. Please send your comments and recommendations and return the enclosures with your reply.

Jean Holloway
for JAMES R. EXNICIOS
By direction

Rec'd FEB 10 2006

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE:jdh
Docket No. 08381-05
12 January 2006

SM1 JEFFREY G WALLS USN RET
[redacted]

Dear Petty Officer Walls:

Reference is made to your Application for Correction of Naval Records (DD Form 149).

The records in your case were referred to the appropriate office for an advisory opinion. The opinion has been received and a copy is enclosed for your information. This opinion is advisory only and is not binding upon the Board or the Secretary of the Navy.

If you wish to submit any further statement or additional documentary material in support of your application, you should do so within 30 days of the date of this letter.

Sincerely,

JAMES R. EXNICIOS
Head, Disability Section

Enclosure

Sent to Petitioner
2-8-06

**DEPARTMENT OF THE NAVY**
NAVY PERSONNEL COMMAND
5720 INTEGRITY DRIVE
MILLINGTON TN 38055-0000

5420
Pers-31C
28 NOV 05

MEMORANDUM FOR HEAD, RETIREMENTS BRANCH (PERS-482)

Subj: REQUEST FOR COMMENTS AND RECOMMENDATIONS IN CASE OF SM1 JEFFREY G. WALLS, USN, RET, [redacted]

Ref: (a) 10 USC Section 1552

Encl: (1) BCNR File 05411-05 w/Service record

1. Subject member petitioned the Board for Correction of Naval Records (BCNR) in accordance with reference (a), to correct errors and/or remove injustices in their service record.

2. The Board requests your comments and recommendations in order to reach a fair and equitable decision in this case. You are therefore requested to review enclosure (1); weighing the issues presented therein with applicable navy policies, regulations, and guidelines, formulate an advisory opinion on behalf of the Commander, Navy Personnel Command, and return all correspondence to this office.

3. If during your review of enclosure (1) you determine an administrative resolution, within the scope and authority of the Chief of Naval Personnel (CNP) is both available and appropriate, alleviating the necessity for further BCNR intervention, you should prepare a brief but formal commentary advising this office of your action(s).

4. If a formal review by BCNR is required, your comments and recommendations should be prepared in formal format, addressed to the Executive Director, Board for Correction of Naval Records via Assistant for BCNR Matters, Pers-31C, and returned to me in Wood Hall, building (769), room 177.

5. Your response is requested **NLT 23 DEC 05**. Extensions may be requested by contacting me at 874-3043.

H. K. TURING
Assistant for BCNR Matters

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE
Docket No. 05411-05
14 November 2005

From: Chairman, Board for Correction of Naval Records
To: Commander, Navy Personnel Command, Pers-3LC2

Subj: REQUEST FOR COMMENTS AND RECOMMENDATION IN THE CASE OF SM1 JEFFREY G. WALLS, USN, RET, [redacted]

Ref: (a) 10 U.S.C. 1552

Encl: (1) BCNR file
(2) Service record

1. Subject requests a correction of naval records as indicated in page 11 of a document entitled "MEMORANDUM OF OPINION" which is filed in enclosure (1).

2. Subject contends through counsel, in effect, and among other things, that he should have been retained on active duty rather than transferred to the Fleet Reserve because he suffered from "server" pain in his lower back for fifteen or more years, which was finally diagnosed correctly shortly prior to his transfer; that a physician initiated the process to place him in a medical hold status, but did not submit the required medical documentation to the Bureau of Medicine and Surgery, which resulted in Subject's being "...placed on Fleet Reserve status while at the same time on active duty status while on Medical hold status"; that he was not accorded a required pre-retirement physical examination; that he was not evaluated by medical or physical evaluation boards as he should have been; that he was in a "medical hold statues" during the period from July 2000 to March 2001; that an individual he as identifies as "PNCM Smallwood", who Subject maintains was assigned to "COMNAVPERCOM" in 2003, is knowledgeable concerning the facts of this case; and, apparently, that he was not given the opportunity to undertake a do-it-yourself movement of his property in connection with his transfer to the Fleet Reserve. He also contends that he never requested transfer to the Fleet Reserve. In addition to the foregoing, the Judge Advocate General requests comments on the voluntariness of Subject's transfer to the Fleet Reserve, the "absence" of a request from Subject for

Subj: REQUEST FOR COMMENTS AND RECOMMENDATION IN THE CASE OF SM1 JEFFREY G. WALLS, SUN, RET, [redacted]

transfer to the Fleet Reserve, and the status of any physical evaluation board or medical evaluation board that "may or may not have been properly processed" in this case. Subject's original application was reviewed by PERS-821. An advisory opinion from that section dated 21 June 2001, which is filed in enclosure (1), addresses some of the foregoing issues.

3. Please note that enclosure (2) contains a Report of Physical Examination, dated 2 June 2000, which was conducted for the purpose of "RAD/RET", and indicates that Subject was found physically qualified for separation.

4. Please furnish your comments and recommendation on each of the foregoing issues, and return the enclosures with your reply. As this matter is pending in the US Court of Federal Claims, please expedite your response.

JAMES R. EXNICIOS
By direction

00016

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE
Docket No. 08381-05
10 November 2005

SM1 JEFFREY G WALLS
USN RET
[redacted]

Dear Petty Officer Walls:

This is in further reference to your application for correction of your naval record pursuant to the provisions of title 10 of the United States Code, section 1552.

Enclosed is a copy of an advisory opinion dated 9 November 2005 that was rendered by the Office of the CNO. If you would like to submit a response thereto, please send your comments to me rather than the author of the opinion. Please note that the opinion is advisory in nature and not binding on the Board.

Sincerely,

JAMES R. EXNICIOS
Disability Section

Enclosure

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE
Docket No. 08381-05
25 October 2005

SM1 JEFFREY G WALLS
USN RET
[redacted]

Dear Petty Officer Walls:

This is in reference to your application for correction of your naval record pursuant to the provisions of title 10 of the United States Code, section 1552.

Prior to considering application, the Board should review certain documents not contained in your BCNR file: the Leave and Earnings Statements described in paragraph 14a of the "Memorandum Opinion" you submitted on 10 May 2005; a copy of the report of examination conducted during July or August 2000 in connection with your application for employment as a member of the Maryland State Police; a statement of your unit of assignment and the military duties you performed, if any, during the 1 July -30 September 2000 and 1 October-31 March 2001 periods; and details of the do-it-yourself move you performed on an unknown date in connection with your transfer to the Fleet Reserve. Please provide copies of those documents as soon as possible. In addition, please advise me if it is your contention that you did not undergo a pre-retirement physical examination, and that you did not receive active duty, retired or retainer pay during the 1 October 2000-31 March 2001 period.

Sincerely,

JAMES R. EXNICIOS
Disability Section

DEPARTMENT OF THE NAVY
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374-5066

IN REPLY REFER TO

5891
Ser MSR/0065
11 Oct 05

From: Deputy Assistant Judge Advocate General (General Litigation)
To: Board for Correction of Naval Records

Subj: REMAND ORDER ICO JEFFREY G. WALLS ##1:05-cv-00533-MBH

Encl: (1) Civil Docket
(2) Defendant's Motion For Remand
(3) Complaint
(4) BCNR File
(5) Service Record

1. Enclosures (1) through (5) are forwarded as a matter under your cognizance. On 31 August 2005, Judge Marian Blank Horn of the U.S. Court of Federal Claims remanded the subject litigation to the BCNR for further consideration. A copy of the Court's order is forthcoming.

2. In order for the Court to evaluate the legal and factual bases for the complaint and to proceed appropriately, please address the voluntariness of Mr. Walls' transfer to the Fleet Reserve, the absence of Mr. Walls' request to transfer to the Fleet Reserve, the circumstances surrounding Mr. Walls' medical care before and after retirement, and the status of any physical evaluation board or medical board that may or may not have been properly processed.

3. If you have any questions regarding this referral, please contact LT Marc Rosen, JAGC, USN at (202) 685-5441, fax 202 685-5472, or e-mail at marc.rosen@navy.mil.

L. R. Almand
L. R. ALMAND

US Court of Federal Claims
United States Court of Federal Claims (COFC)
CIVIL DOCKET FOR CASE #: 1:05-cv-00533-MBH

WALLS v. USA
Assigned to: Judge Marian Blank Horn
Demand: $44000
Cause: 28:1491 Tucker Act

Date Filed: 05/10/2005
Jury Demand: None
Nature of Suit: 340 Military Pay - Back Pay
Jurisdiction: U.S. Government Defendant

| Date Filed | # | Docket Text |
|---|---|---|
| 08/31/2005 | 9 | ORDER granting [8] Motion to Remand. Status Report due by 2/15/2006. Signed by Judge Marian Blank Horn. (mb2, ) (Entered: 09/01/2005) |
| 08/31/2005 | 8 | MOTION to Remand, filed by USA. [FILED BY LEAVE OF THE JUDGE] Service: 8/19/2005. Response due by 9/6/2005. (mb2, ) (Entered: 09/01/2005) |
| 07/28/2005 | | Set Deadlines: Filing Fee, or in the alternative, Motion for Reconsideration due by 8/18/2005. (mb2, ) (Entered: 07/29/2005) |
| 07/28/2005 | 7 | ORDER denying [2] Motion for Leave to Proceed in forma pauperis. Signed by Judge Marian Blank Horn. (mb2, ) (Entered: 07/29/2005) |
| 07/13/2005 | 6 | ORDER granting [5] Motion for Extension of Time to Answer, Answer Due by 8/19/2005. Signed by Judge Marian Blank Horn. (mb2, ) (Entered: 07/15/2005) |
| 07/07/2005 | 5 | MOTION for Extension of Time to File Answer re [1] Complaint until 8/19/2005, filed by USA. Service: 7/7/2005. Response due by 7/25/2005. (mb2, ) (Entered: 07/11/2005) |
| 06/03/2005 | 4 | NOTICE of Appearance by John Sinclair Groat for USA. Service: 6/3/2005.(mb2, ) (Entered: 06/08/2005) |
| 05/10/2005 | 3 | NOTICE of Assignment to Judge Marian Blank Horn. (dw1) (Entered: 05/11/2005) |
| 05/10/2005 | 2 | MOTION for Leave to Proceed in forma pauperis filed by JEFFREY G. WALLS.Service by hand: 5/10/05. Response due by 5/24/2005. (dw1) (Entered: 05/11/2005) |
| 05/10/2005 | 1 | COMPLAINT against USA, filed by JEFFREY G. WALLS.Answer Due by 7/11/2005.(dw1) (Entered: 05/11/2005) |

PACER Service Center

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE
Docket No: 8010-00
20 August 2001

SM1 JEFFREY G WALLS USN RET
[redacted]

Dear Petty Officer Walls:

This is in reference to your application for correction of your naval record pursuant to the provisions of title 10 of the United States Code, section 1552.

A three-member panel of the Board for Correction of Naval Records, sitting in executive session, considered your application on 26 July 2001. Your allegations of error and injustice were reviewed in accordance with administrative regulations and procedures applicable to the proceedings of this Board. Documentary material considered by the Board consisted of your application, together with all material submitted in support thereof, your naval record and applicable statutes, regulations and policies. In addition, the Board considered the advisory opinion furnished by the Commander, Navy Personnel Command, dated 21 June 2001, a copy of which is attached, and your rebuttal thereto.

After careful and conscientious consideration of the entire record, the Board found that the evidence submitted was insufficient to establish the existence of probable material error or injustice. In this connection, the Board substantially concurred with the comments contained in the advisory opinion. Accordingly, your application has been denied. The names and votes of the members of the panel will be furnished upon request.

It is regretted that the circumstances of your case are such that favorable action cannot be taken. You are entitled to have the Board reconsider its decision upon submission of new and material evidence or other matter not previously considered by the Board. In this regard, it is important to keep in mind that a presumption of regularity attaches to all official

records. Consequently, when applying for a correction of an official naval record, the burden is on the applicant to demonstrate the existence of probable material error or injustice.

Sincerely,

W. DEAN PFEIFFER
Executive Director

Enclosure

****** FOR OFFICIAL USE ONLY - PRIVACY ACT PROTECTED ******

MEMORANDUM TO FILE

Docket No. 08010-00

Examiner: JRE Branch/Status 1 -USN

Subj: Ex-E-6 Walls, Jeffrey G., [redacted]

Personal appearance requested: YES Reconsideration:

Action Requested: 6

In addition to Petitioner's application (DD-149) with any attachments and any related correspondence, the Board considered the following records:

☐ Enlisted/Officer Service Record

☐ Examiner's Case Summary

☐ NDRB File ☐ Record of Court-Martial

☐ Medical Record ☐ VA Records ☐ PEB Record

☐ Advisory Opinion

☐ Other: __________

Messrs. Pfeiffer Hogue

Ms. DAVIES

voted on 26 Jul 01 to:

☐ Grant personal appearance

EXECUTIVE SESSION:

☐ Grant relief

☐ Partial relief

☑ ~~Deny~~

JUL 27 2001

☐ Minority Vote: Mr/Ms__________ voted To __________

Comments: __________

☐ That Petitioner's naval record be corrected to show that on ----/--/-- /or__________,

Petitioner was issued a honorable/general discharge by reason of misconduct/or __________, vice the discharge actually issued on that date.

Department of the Navy
Board for Correction of Naval Records
2 Navy Annex
Washington, D.C. 20370-5100

[redacted]

July 7, 2001
Ref: 01

Dear Mr. Exnicios:

For the past year I have been in the most pain I had ever faced in my life. I have exhausted my entire saving and what was awarded to me following my mother ~~dealth~~ death. For the past year I have been waiting on the result of your so-called investigation and I received it a few day ago.

For the past 20 years I had performed my military duty in a professional manner, and find it hard to believe this is the thank I get. All the material I presented speak for itself. I don't have anymore ~~+~~ information to submit. For 12 years while ~~perf perf~~ performing my duties I suffered with this pain, yet I continued with my duties. This as when the expert said that ~~this this~~ their were nothing ~~wrong~~ wrong with me for half my career. Now they are saying there was a problem I had since birth. I never had pain like this when I was growing up as a child, I never experience any problem when I performed sports in high school, your

expert Wanted to treat me for this Condition. However, they was the one that Wanted me to go beyond my retirement date, Knowing that I would be release before I could be treated then decided to place me on a medical hold status. This Conditions become serious 2 years ~~bef~~ before ~~th~~ my retirement, and I didn't request to be transfer to the Fleet Reserve nor ~~th~~ did I signed papers stating that fact, all this was said to had taken place automatic.

Now I am faced with this condition that prevent me for performing any work and it needs to be corrected. The same pertain with my pay. I should not have been release from military services and if I need to seek legal assistance then that may be a step I may need to take. How can you release are from the military in this condition? ~~I am~~ unable to work, this is wrong, and should not of happened, yes, I am angry and upset. I cannot work. All my saving is being used to support my daily life. I cannot believe this is the way the Medical Board operate, If it is, it is wrong. and I will seek any actions to make sure I ~~~~ can be treated fairly.

Sincerely

00025

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE:jdh
Docket No. 08010-00
2 July 2001

MR JEFFREY G. WALLS
[redacted]

Dear Mr. Walls:

Reference is made to your Application for Correction of Naval Records (DD Form 149).

The records in your case were referred to the appropriate office for an advisory opinion. The opinion has been received and a copy is enclosed for your information. This opinion is advisory only and is not binding upon the Board or the Secretary of the Navy.

If you wish to submit any further statement or additional documentary material in support of your application, you should do so within 30 days of the date of this letter.

Sincerely,

for Jean Holloway
JAMES R. EXNICIOS
Head, Disability Section

Enclosure

DEPARTMENT OF THE NAVY
NAVY PERSONNEL COMMAND
5720 INTEGRITY DRIVE
MILLINGTON TN 38055-0000

5420
PERS-821
21 Jun 2001

From: Commander Navy Personnel Command (PERS-821)
To: Executive Director, Board for Correction of Naval Records
Via: Assistant for BCNR Matters, PERS-00ZCB

Subj: REQUEST FOR COMMENTS AND RECOMMENDATION IN THE CASE OF SM1 JEFFREY G. WALLS, USN(RET), [redacted]

Ref: (a) Pers-00ZCB ltr 5420 of 31 May 01

1. In reply to reference (a), this office does not support Mr. Walls' request to be placed on active duty in a medical hold status.

2. Mr. Walls requested to be transferred to the Fleet Reserve effective 30 September 2000 which was subsequently granted. Personnel are required to undergo a physical examination to identify disqualifying medical conditions prior to transfer to the Fleet Reserve. Mr. Walls was transferred to the Fleet Reserve effective 30 September 2000 as requested.

3. The Physical Evaluation Board has never received a medical board for adjudication through the Disability Evaluation System in the case of Mr. Walls.

4. This office recommends Mr. Walls utilize other medical care programs afforded to military service retirees in the pursuit of continued medical care.

5. If I can be of any further assistance, I can be reached at (901) 874-3229.

M. R. Wilsey
M. R. WILSEY

DEPARTMENT OF THE NAVY
NAVY PERSONNEL COMMAND
5720 INTEGRITY DRIVE
MILLINGTON TN 38055-0000

5420
PERS-821
21 Jun 2001

From: Commander Navy Personnel Command (PERS-821)
To: Executive Director, Board for Correction of Naval Records
Via: Assistant for BCNR Matters, PERS-00ZCB

Subj: REQUEST FOR COMMENTS AND RECOMMENDATION IN THE CASE OF SM1 JEFFREY G. WALLS, USN(RET), [redacted]

Ref: (a) Pers-00ZCB ltr 5420 of 31 May 01

1. In reply to reference (a), this office does not support Mr. Walls' request to be placed on active duty in a medical hold status.

2. Mr. Walls requested to be transferred to the Fleet Reserve effective 30 September 2000 which was subsequently granted. Personnel are required to undergo a physical examination to identify disqualifying medical conditions prior to transfer to the Fleet Reserve. Mr. Walls was transferred to the Fleet Reserve effective 30 September 2000 as requested.

3. The Physical Evaluation Board has never received a medical board for adjudication through the Disability Evaluation System in the case of Mr. Walls.

4. This office recommends Mr. Walls utilize other medical care programs afforded to military service retirees in the pursuit of continued medical care.

5. If I can be of any further assistance, I can be reached at (901) 874-3229.

M. R. Wilsey
M. R. WILSEY

Sammis (901) 874 3201
Wood

10 JUL 01

ROBINSON 874 3203

DEPARTMENT OF THE NAVY
NAVY PERSONNEL COMMAND
5720 INTEGRITY DRIVE
MILLINGTON TN 38055-0000

5420
Pers-00ZCB
31 MAY 01

MEMORANDUM FOR HEAD, MEDICAL RETIREMENTS BRANCH (PERS-821)

Subj: REQUEST FOR COMMENTS AND RECOMMENDATION IN CASE OF SM1 JEFFREY G. WALLS, USN, RET, [redacted]

Ref: (a) 10 USC Section 1552

Encl: (1) BCNR File 08010-00 w/Service record

1. Subject member petitioned the Board for Correction of Naval Records (BCNR) in accordance with reference (a), to correct errors and/or remove injustices in their service record.

2. The Board requests your comments and recommendations in order to reach a fair and equitable decision in this case. You are therefore requested to review enclosure (1); weighing the issues presented therein with applicable navy policies, regulations, and guidelines, formulate an advisory opinion, and return all correspondence to this office.

3. If during your review of enclosure (1) you determine an administrative resolution, within the scope and authority of the Chief of Naval Personnel (CNP) is both available and appropriate, alleviating the necessity for further BCNR intervention, you should prepare a brief but formal commentary advising this office of your action(s).

4. If a formal review by BCNR is required, your comments and recommendations should be prepared in formal format, addressed to the Executive Director, Board for Correction of Naval Records via Assistant for BCNR Matters, Pers-00ZCB, and returned to me in the Jamie Whitten Building (791), room A104.

5. Your response is requested NLT 29 JUN 01. Extensions may be requested by contacting me at 874-3043.

H. K. TOPPING
Assistant for BCNR Matters
By direction

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE:jdh
Docket No: 8010-00
15 May 2001

From: Chairman, Board for Correction of Naval Records
To: Commander, Navy Personnel Command, (Code-Pers-OOZCB)

Subj: REQUEST FOR COMMENTS AND RECOMMENDATION IN THE CASE OF FORMER SM1 JEFFREY G. WALLS, USN, [redacted]

Ref: (a) 10 U.S.C. 1552

Encl: (1) BCNR File
(2) Service Record

1. Pursuant to reference (a), Subject requests a correction of his naval record as indicated in enclosure (1). He maintains that he is not receiving retainer pay, despite his completion of 20 years of active service, or active duty pay, while being retained on active duty for medical evaluation or treatment

2. In order to assist the Board in arriving at a fair and equitable decision in this case, it is requested that your comments and recommendation be furnished.

3. Please note that a copy of your response will be sent to Subject for review and comment. In addition, a sanitized copy will be attached to the final decision of the Board, which will be posted on the Internet for review by members of the public.

4. It is further requested that the enclosures be returned with your reply.

for Jean Holloway
JAMES R. EXNICIOS
By direction