IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JEFFREY G. WALLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-533C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD

Defendant, the United States, respectfully submits this supplemental brief pursuant to the Court's March 5, 2008 Order and in further support of the motion dated October 1, 2007, for dismissal or judgment upon the administrative record. We also submit a copy of Department of Defense ("DOD") Instruction 1332.38 (1996). Ex. A.[1] For the most part, DOD Instruction 1332.38 mirrors the Navy's implementing instructions in SECNAVINST 1850.4D. In this brief, we cite both the Navy's instructions and the analogous provisions in DOD Instruction 1332.38.

As directed by the Court, we address this supplemental brief to the following issue:

> In the absence of any discussion by the BCNR in its May 17, 2006 decision regarding whether the [Navy] complied with SECNAVINST 1850.4D §§ 1005, 3106, 8001 (i.e., whether the Navy was required by its own regulations to convene a Medical Board in plaintiff's case prior to plaintiff's transfer to the Fleet Reserve), should the court remand this discrete issue to the BCNR for consideration?

The applicable regulations cited by the Court require a factual predicate; namely, a medical condition that calls the service member's fitness into question, before a medical board will be convened. The decision of the BCNR states that it considered the "applicable statutes, regulations and policies" in rendering its decision. AR2. The BCNR found, as a matter of fact,

[1] We have submitted a copy of the DOD Instruction that bears handwritten marks, which may be disregarded for purposes of this case. We were not able to locate a clean copy prior to filing.

that the predicate for convening a medical board did not exist – there was no credible evidence that Mr. Walls was unfit for duty. AR4. The BCNR therefore has concluded that there was "no basis" for convening a medical board pursuant to the "applicable … regulations." AR2, 4. Under these circumstances, remand to the BCNR is not warranted.

The applicable regulations require the presence of a physical or mental condition, that calls the service member's fitness into question, before a medical board will be convened. For example, SECNAVINST 1850.4D section 1005 requires medical officers to "promptly identify for evaluation by Medical Boards and appropriate referral to the PEB under this instruction, those members presenting for medical care whose physical or mental fitness to continue naval service is questionable." SECNAVINST 1850.4D § 1005. Section 3106 similarly requires medical officers "to identify promptly for referral to the DES [Disability Evaluation System] those members presenting for medical care whose Fitness for active duty is questionable." SECNAVINST 1850.4D § 3106; see also DOD Instruction 1332.38, Part 1, § F.1 ("Service members shall be referred into the DES as soon as the probability that they will be unable to return to full duty is ascertained and optimal medical treatment benefits have been attained").[2]

Section 8001(a) provides a listing "of medical conditions and physical defects which are cause for referral into the Disability Evaluation System (DES)." SECNAVINST 1850.4D § 8001(a); see also DOD Instruction 1332.38, Encl. 4, § A.1 (same). However, a "service member who has one or more of the listed conditions or physical defects is not automatically unfit and therefore may not qualify for separation or retirement for disability." SECNAVINST 1850.4D §

[2] The Navy amended DOD Instruction 1332.38 effective July 10, 2006. The 2006 amendment changed the paragraph numbering scheme, but not the substance, of the pertinent provisions that we cite from the operative 1996 version: Part 1, § F.1 (2006 version § E3.P1.6.1), Encl. 4 § A.1 (2006 version § E4.1.1), Encl. 4 § A.1.b (2006 version § E4.1.1.2), Encl. 4 § A.3 (2006 version § E4.1.3), Part 3 § E.1 (2006 version § E3.P3.5.1), Part 3 § E.3 (2006 version § E3.P3.5.3).

8001(a)(2); see also DOD Instruction 1332.38, Encl. 4, § A.1.b (same). Mr. Walls heavily relies upon Section 8001, suggesting that the listed conditions provide an automatic entitlement to a medical board, but he ignores that subsection (a) is qualified by subsection (e), which states:

> Any condition that appears to significantly interfere with performance of duties appropriate to a service member's, office, grade, rank or rating will be considered for MEB evaluation.

SECNAVINST 1850.4D § 8001(e) (emphasis supplied); see also DOD Instruction 1332.38, Encl. 4, § A.3 (same); SECNAVINST 1850.4D § 8001(g) ("Although not specifically mentioned after each of these illnesses/injuries, the physician should be aware that the presence of the condition alone is often not a criteria for submission of an MEB report … the condition must be Unfitting"). Hence, Section 8001 is consistent with Sections 1005 and 3106, which require a service member's fitness to be called into question before a medical board will be convened.

The BCNR's May 16, 2006 decision states that the board "considered … applicable statutes, regulations and policies." AR2. It is of no moment that the BCNR did not formally cite to Sections 1005, 3106, and 8001 in its May 17, 2006 decision. The BCNR's application of the standard set forth in these provisions "may be reasonably discerned." E.g., In re Huston, 308 F.3d 1267, 1281 (Fed. Cir. 2002) ("we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned") (quoting Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 285-86 (1974) (citations omitted)). The BCNR's decision recognizes that it is not enough for a service member to have a physical condition, but rather, there must be evidence that the condition was unfitting. Indeed, the BCNR stated: "As there was no objective evidence of significant spinal pathology in your case, or credible evidence of your inability to perform military duty, there was no basis for initiating a medical board." AR4.

It is reasonably clear, if not certain, that the BCNR applied the well established standard set forth in Sections 1005, 3106, and 8001 to the evidence before it. Mr. Walls asserts a variety

of physical maladies in his brief (Pl. Br. 7), and claims that they are conditions listed in Section 8001 (Pl. Br. 4).[3] The standard in Sections 1005, 3106, and 8001, however, requires more than just a listed physical condition; the condition must render the service member unfit for duty. On this factual point, the BCNR's decision left no room for doubt. The BCNR found "no … credible evidence of … inability to perform military duty." AR4. Based upon this factual finding, the BCNR concluded that there was "no basis for initiating a medical board." Id. We demonstrate in our motion and reply brief that the BCNR's decision is supported by substantial record evidence and, rather than repeat that discussion, we incorporate it by reference.

The BCNR has adequately addressed the question of whether the Navy was required by its own regulations to convene a medical board. Accordingly, remand to the BCNR for consideration of this issue is not warranted.

Finally, the BCNR's May 17, 2006 decision cites two other provisions in DOD Instruction 1332.38 that pertain to PEB procedures. AR4. The BCNR noted, for the sake of argument, that the evidence submitted by Mr. Walls was so weak that it would be unlikely to overcome the presumption of fitness that would apply in a proceeding before a PEB (AR4), citing DOD Instruction 1332.38, Part 3, §§ E.1 (Presumption of Fitness; Application), E3 (Overcoming the Presumption). See also SECNAVINST 1850.4D §§ 3305(a) (Presumption of Fitness), 3305(c) (Overcoming the Presumption). The BCNR's discussion in this regard has no bearing on the underlying question of whether the Navy should have convened a medical board

[3] The only alleged physical condition that is truly at issue in this proceeding is "the pain to [Mr. Walls'] lower back" (AR 32-34 (DD Form 149, BCNR Application)). See Allen v. United States, 46 Fed. Cl. 677, 682 (2000) (appeal from BCNR: "This court has long recognized that 'a party cannot raise an issue on appeal to a court when it failed to raise it before an administrative agency competent to hear it.'") (quoting Doyle v. United States, 220 Ct. Cl. 285, 599 F.2d 984, 1000 (Ct. Cl. 1979)).

pursuant to the pertinent regulations. The citation of DOD Instruction 1332.38 further confirms, however, that the BCNR considered "applicable … regulations" in rendering its decision. AR2.

For these reasons, the BCNR's decision should be affirmed.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

Attorneys for Defendant

OF COUNSEL

JOHN CLADY
Lieutenant
Judge Advocate General's Corps
United States Navy
Office of the Judge Advocate General
General Litigation
Washington, DC 20374

March 28, 2008

CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2008, a copy of foregoing "DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick