THE SECRETARY OF THE NAVY
WASHINGTON, D. C. 20350-1000

SECNAVINST 1850.4D
NCPB
23 December 1998

SECNAV INSTRUCTION 1850.4D

From: Secretary of the Navy

Subj: DEPARTMENT OF THE NAVY DISABILITY EVALUATION MANUAL

Ref: (a) Title 10, United States Code
(b) DOD Directive 1332.18 of 4 Nov 96 (NOTAL)
(c) DOD Instruction 1332.38 of 14 Nov 96 (NOTAL)
(d) DOD Instruction 1332.39 of 14 Nov 96 (NOTAL)
(e) SECNAVINST 5300.30C
(f) Manual of the Medical Department
(g) SECNAVINST 1770.3B
(h) Manual of the Judge Advocate General

Encl: (1) Table of Contents and DON Disability Evaluation System (DES) Summary
(2) Abbreviations and Definitions
(3) Disability Evaluation Policies
(4) Physical Evaluation Board Procedures
(5) Petitions for Relief (PFR)
(6) Permanent Limited Duty (PLD) Procedures
(7) Officer Disability Review Board (ODRB) Procedures
(8) Medical Conditions and Physical Defects Which Normally are Cause Referral to the Physical Evaluation Board (PEB)
Attachments:
(a) Minimum Requirements for Medical Evaluation Board (MEB), Addenda and Narrative Summary with Annotations
(b) Conditions Not Constituting a Physical Disability
(c) Sample MEB report
(d) Plates
(9) Special Instructions and Explanatory Notes, VASRD
Attachments:
(a) Analogous Codes
(a) (1) SWATO Undiagnosed Symptom Complex Coding
(b) Tables
(10) What You Need to Know About the Physical Evaluation Board
(11) Non-Medical Assessments (NMA)
(a) Sample Non-Medical Assessment Questionnaire
(b) Sample Non-Medical Assessment Narrative Summary
(12) Death Imminent Procedures

(13) Master Index

1. Purpose. To revise and simplify policies and procedures for evaluation of physical fitness for duty and disposition of physical disability in the Department of the Navy in compliance with Chapter 61 and Section 1554 of reference (a) and with references (b) through (e). This instruction is a complete revision and should be reviewed in its entirety.

2. Cancellation. SECNAVINST 1850.4C. All other regulations, Director Naval Council of Personnel Boards (DIRNCPB) and President, PEB policy letters, and memoranda providing guidance governing disability evaluation, medical processing for disability evaluation, disability separation, PLD status, and PEB organization, procedures and delegations inconsistent with this instruction are cancelled.

3. Authority. Elements of the Department of the Navy Disability Evaluation System listed below are designated and directed to act on behalf of the Secretary of the Navy (SECNAV) to make determinations as to fitness for active and reserve duty of Navy and Marine Corps members, entitlements to disability benefits, and disposition of members properly referred for physical disability evaluations:

a. Informal PEB (formerly the Record Review Panel)

b. Formal PEB (formerly the Hearing Panels)

c. President, PEB

d. DIRNCPB

Officers comprising these elements shall be governed by the enclosures to this instruction in performing their responsibilities.

4. Responsibility

a. Physical Evaluation Board. Subject to limitations contained in this instruction, acts on behalf of SECNAV to make determinations of Fitness to continue naval service, entitlement to benefits, disability ratings, and disposition of service members referred to it. Composition and procedures are contained in enclosure (4) to this instruction.

b. Assistant Secretary of the Navy for Manpower and Reserve Affairs (ASN (M&RA)) is responsible for management oversight of the DES and for resolution of disability cases referred to the SECNAV under this instruction.

c. Director, Naval Council of Personnel Boards (DIRNCPB)

(1) Assigned overall responsibility for the management, integrity and efficiency of the PEB. In that regard, DIRNCPB may issue internal instructions within the DES to further interpret, implement and govern the workings of the PEB, and coordinates closely with the Chief, Bureau of Medicine and Surgery (CHBUMED) on issues that impact non-PEB portions of the DES.

(2) As the Secretary's principal agent in overseeing the PEB, DIRNCPB may stop action on and refer any case to ASN (M&RA) for resolution should the Director disagree with the disposition proposed by the PEB.

(3) DIRNCPB directs disability separations and retirements. In cases where the service member also is undergoing disciplinary or administrative discharge proceedings which result in a punitive discharge or administrative discharge for misconduct, disability separation is superceded.

(4) Any opinion of the Office of the Judge Advocate General (OJAG) involving an issue of law shall be binding on the PEB and DIRNCPB. If the OJAG determines that there are insufficient facts to support a finding, DIRNCPB may accept the opinion and order appropriate action, return the case to a cognizant authority for more information, or appeal the decision to SECNAV for final resolution.

(5) DIRNCPB shall:

(a) assign, supervise, and direct activities of the President, PEB;

(b) provide budget, facilities, automated data processing, and personnel support to the PEB;

(c) establish billet/position assignment criteria for all elements within the DES;

(d) provide training for Physical Evaluation Board Liaison Officer (PEBLO) and Collateral Duty Counselors;

(e) provide training for line and medical officers assigned to the PEB;

(f) provide for quality assurance review of the PEB;

(g) submit recommendations to ASN(M&RA) for legislative proposals, DOD matters, and changes to this instruction;

(h) maintain appropriate liaison with the Office of the Secretary of Defense, Department of Veterans Administration (VA), Chief, Naval Personal (CHNAVPERS), Commandant of the Marine Corp for Manpower and Reserve Affairs CMC (M&RA), Commander, Naval Reserve Forces (COMNAVRESFOR), CHBUMED, and OJAG in matters associated with the DES;

(i) provide advisory opinions to the Board for Correction of Naval Records (BCNR) upon request;

(j) provide responses to Congressional interest letters (Congrints);

(k) inform ASN (M&RA) of matters of interest;

(l) protect the privacy of individuals evaluated by the PEB;

(m) maintain a system of records, including PEB records and correspondence files; and

(n) perform such other specific duties and exercise such other discretionary authority as elsewhere set forth in this instruction.

(o) DIRNCPB shall submit a management report of the PEB, within 30 days of the end of each Fiscal Year (FY), including evaluations in the following areas, to ASN (M&RA), with copies to the CNO and CMC:

1. Informal PEB Statistics. Category will report FY-data in the following four areas:

a. Cases carried from the previous FY (Active Duty/Inactive Duty Reservists; and TDRL).

b. Cases received during current FY (Active Duty/Inactive Duty Reservists; and TDRL).

c. Cases reviewed/completed; and terminated.

d. Cases pending at end of FY (Active Duty/Inactive Duty Reservists; and TDRL).

2. Formal PEB Statistics. Category will report FY-data in the following two areas:

a. Active Duty/Inactive Duty Reservists cases scheduled at Bethesda, MD and San Diego, CA.

b. TDRL cases scheduled at Bethesda, MD and San Diego, CA.

3. Petitions for Relief (PFR) to DIRNCPB. Category will report FY-data in the following two areas:

a. Number of PFRs received.

b. Number of PFRs pending.

4. Additional Workload Statistics. Category will report FY-data in the following four areas:

a. Number of referrals from BCNR.

b. BCNR cases pending.

c. Congressional inquiries received.

d. Congressional inquiries pending.

5. Significant Issues Adversely Affecting PEB Processing. Issues adversely affecting cases processing and developing trends.

(6) DIRNCPB is responsible for the conduct, efficient resourcing, and personnel management of the PEB as prescribed in this instruction. DIRNCPB shall:

(a) Propose, in coordination with CNO, CMC, and the Surgeon General, changes to the DES as appropriate.

(b) Request ASN (M&RA) recommend to Assistant Secretary of Defense for Force Management Policy (ASD (FMP)) changes to references (c) and (d) which serve the needs of the Department of the Navy and naval personnel.

(c) Issue under signature, on behalf of SECNAV, the final Department of the Navy determination in special interest cases, and cases in which relief were granted on the basis of Petitions for Relief.

(d) Liaison with the Department of Defense, Navy, Marine Corps, OJAG, CHBUMED, and other governmental agencies in matters relating to the DES. Keep ASN (M&RA) apprised of actions and issues that might modify or impact the effectiveness of Department of the Navy policies and programs under this instruction.

d. Chief of Naval Operations (CNO) and Commandant of the Marine Corp (CMC). Are responsible for management of medical treatment facilities (MTFs), line of duty investigations, Reserve personnel Notice of Eligibility status, Permanent Limited Duty (PLD) members, and the Temporary Disability Retirement List (TDRL) in their respective service to meet the policy and procedural objectives in this instruction. CNO and CMC are required to provide alternate and reserve members for service on the PEB upon request of the President, PEB. CNO and CMC have delegated the following responsibilities to the following:

(1) CHNAVPERS and CMC (M&RA)

(a) CHNAVPERS and CMC (M&RA) are assigned certain personnel management actions in support of naval disability evaluation policy.

(b) CHNAVPERS and CMC (M&RA) may, for good and sufficient reason, withdraw or suspend any case from the PEB. In such cases, and if the member is to be retired or separated, the member need not meet the ability to perform full military duty standard during the separation physical in order to be separated or retired.

(c) CHNAVPERS and CMC (M&RA) shall:

1. provide statements of naval service and access to fitness reports and performance evaluations for review by the PEB;

2. take action on requests for continuance on active duty in a PLD status, authorize retention on PLD, and administer those personnel consistent with guidance in enclosure (6) of this instruction;

3. accomplish appropriate disposition of members whose disability evaluation has been completed (see paragraph 2022);

4. administer the TDRL as specified in part 6 of enclosure (3);

5. recommend to ASN (M&RA) via the DIRNCPB appropriate changes to this instruction; and

6. perform such other specific duties and exercise such other discretionary authority as elsewhere set forth in this instruction.

(2) CHBUMED. Under the CNO, is responsible for the MTFs compliance within the time standards specified in paragraphs 1008 and 1009 of enclosure (1), for professional medical support of the DES as required in this instruction, and for ensuring reference (f) conforms with this instruction.

(a) Responsible for the efficiency of processing and overall quality of Medical Board reports prepared within the Department of the Navy. In addition, CHBUMED shall provide medical and medical personnel support to the DES, and advice to SECNAV and ASN (M&RA) upon request.

(b) CHBUMED shall:

1. ensure MTF commanding officers provide Medical Board reports to the PEB and further medical support as required by the DIRNCPB, President, PEB, CHNAVPERS, CMC (M&RA), or COMNAVRESFOR in support of the DES;

2. ensure MTF commanding officers establish medical board membership and procedural rules in compliance with this instruction, and professional medical guidance in accordance with accepted medical standards;

3. develop and provide professional training to Medical Corps Officers in proper preparation of Medical Board reports to ensure clear, concise, complete, and timely reports;

4. ensure MTF commanding officers establish and maintain a review of Medical Board reports to ensure the completeness and competency of preparation.

5. provide additional information as requested by the PEB;

6. nominate Medical Corps officers of requisite education and experience to serve on the PEB;

7. recommend to ASN (M&RA) via DIRNCPB appropriate changes to this instruction; and

8. perform such other specific duties and exercise such other discretionary authority as elsewhere set forth in this instruction.

(3) COMNAVRESFOR and CMC (M&RA). COMNAVRESFOR and CMC (M&RA) under guidelines of reference (g), shall provide advisement attached to medical boards for Ready Reservists if a Notice of Eligibility has not been granted.

(4) Judge Advocate General (JAG). Is responsible for reviews for legal sufficiency in classes of cases specified in this instruction, for adjustments to procedural requirements for Line of Duty determinations in reference (h), for support of requirements within this instruction, and for assigning qualified judge advocates to act as legal counsels for members appearing before PEB Formal Boards.

(a) JAG shall provide legal resources to support the DES; take such other actions as directed by statute and this instruction.

(b) JAG shall:

1. review for legal sufficiency, in accordance with 10 U.S.C. 5148, PEB determinations in which an officer is to be retired for disability;

2. as a matter of Secretarial policy, review for legal sufficiency PEB final determinations in which:

a. the member exercised the right to appear before the Formal PEB, and a determination of misconduct is to be issued,

b. the member had not been declared mentally incompetent upon acceptance by the PEB, but the basis of Unfitness is a mental impairment,

c. the member petitions DIRNCPB for relief regardless of whether or not relief is granted,

d. SECNAV, DIRNCPB, or President, PEB, requests a JAG review, and

e. all flag cases.

f. all reservist cases

3. return legally insufficient cases to DIRNCPB for action in accordance with paragraph 4c (3);

4. ensure assignment of at least two Judge Advocates to each Formal PEB to perform primary duties of legal advisors to members appearing before Formal PEB panels, and provide other legal personnel resources to support the DES;

5. recommend to ASN (M&RA) via DIRNCPB appropriate changes to this instruction; and

6. perform such other specific duties and exercise such other discretionary authority as elsewhere set forth in this instruction.

e. Enclosures (1) through (13) comprise the Department of the Navy Disability Evaluation Manual (DEM).

5. Reports and Forms

a. The management reports required by this directive are exempt from reports control per SECNAVINST 5214.2B.

b. DD 149 (2/86), "Application for Correction of Military Records Under the Provisions of Title 10, U.S. Code, Sec. 1552," is available from the Board for Correction of Naval Records, Department of the Navy, Washington, D.C. 20370.

c. The following forms may be ordered from the Navy supply system CD ROM NAVSUP Pub 600 (NLL):

NAVJAG 5800/15 (3-77), "Injury Report," S/N 0105-LF-105-8075

NAVPERS 1830/1 (2-77), "Application for transfer to Fleet Reserve," S/N 0106-LF-018-3006

NAVMED 6100/2 (5-81), "Statement of Patient concerning the findings of a Medical Board,"

6. Entitlement Approval. The entitlement portions of this instruction were approved by the Department of Defense Military Pay and Allowances Committee on 9 November 1989 in accordance with 37 U.S.C. 1001.

Carolyn Becraft
Carolyn H. Becraft
Assistant Secretary of the Navy
(Manpower and Reserve Affairs)

**(Distribution on next page)**

Distribution:

| | | |
|---|---|---|
| SNDL | A1 | (Secretary of the Navy ) (Immediate Office of) |
| | A1H | (Assistant Secretary of the Navy) (Manpower & Reserve Affairs) |
| | A1K | (General Counsel) |
| | A2A | (Staff Offices, Navy) (General Counsel, Judge Advocate General, and Chief of Legislative Affairs, only) |
| | A3 | (Chief of Naval Operations) |
| | A5 | (Chief of Naval Personnel) |
| | A6 | (Commandant of the Marine Corps) (M & RA, MMSR, MMSB, RAM, Health Services, Judge Advocate, HQSP-2) |
| | B5 | (Coast Guard) |
| | C4FF | (Transient Personnel Units) |
| | C4HH | (Ambulatory Care Center) |
| | C17 | (Naval Council of Personnel Boards Detachments) (San Diego and Bethesda) |
| | C25A | (Support Activity Detachment, CNO) |
| | C28C | (Personnel Support Activity Detachments) |
| | C28G | (Branch Dental Clinic) |
| | C28H | (Branch Medical Clinic) |
| | C31D | (Branch Dental Clinic) |
| | C31E | (Personnel Support Activity Detachments) |
| | C31J | (Branch Medical Clinic) |
| | C31K | (Medical Administrative Unit) |
| | C34C | (Support Activity Detachments) |
| | C34F | (Branch Medical Clinic) |
| | C34G | (Branch Dental Clinic) |
| | C52A | (Medical Command Detachment) |
| | C52D | (School of Health Sciences Detachments) |
| | C52E | (Operational Medicine Institute Detachment) |
| | C52F | (Medical Information Management Center Detachment) |
| | C55A | (Bureau of Naval Personnel Detachment) |
| | C55C | (Recruiting District Detachments) |
| | C55D | (Enlisted Personnel Management Center Detachment) |
| | C58Q | (Branch Dental Clinic) |
| | C58R | (Branch Medical Clinic) |
| | C61B | (Recruiting Command Detachments, Reserve) |
| | C85A | (Branch Medical Clinic) |
| | D1A | (Naval Council of Personnel Boards) |
| | D1B | (Board for Correction of Naval Records) |
| | FA4 | (Ambulatory Care Center) |
| | FA5 | (Construction Battalion Center) |
| | FA6 | (Air Station LANT) |
| | FA7 | (Station LANT) |
| | FA8 | (Fleet Technical Support Center) |
| | FA10 | (Submarine Base LANT) |

Distribution (continued):

SNDL FA13 (Submarine Support Facility LANT)
FA18 (Amphibious Base LANT)
FA24 (Base LANT)
FA27 (Weapons Station)
FA28 (Security Force Company, and Barracks, Marine Corps, LANT)
FA29 (Security Force Battalion)
FA37 (Personnel Support Activity LANT)
FA40 (Health Care)
FA47 (Hospital/Medical Center)
FA48 (Dental Center)
FB4 (Construction Center Battalion Center)
FB6 (Air Facility PAC)
FB7 (Air Station PAC)
FB9 (Ambulatory Care Center)
FB10 (Station PAC)
FB13 (Submarine Base PAC)
FB28 (Base PAC)
FB34 (Fleet Activities)
FB39 (Security Force Company and Marine Barracks, PAC, Marine Corps)
FB48 (Support Facility)
FB49 (Personnel Support Activity PAC)
FB58 (Hospital/Medical Center)
FB59 (Dental Center)
FB60 (Medical Clinic)
FC4 (Air Facility)
FC5 (Support Activity NAVEUR)
FC7 (Station NAVEUR)
FC11 (Security Force Company Marine Corps)
FC14 (Air Station)
FC16 (Medical Clinic)
FC17 (Hospital)
FC18 (Dental Center)
FF1 (Naval District, Washington)
FF2 (OPNAV Support Activity)
FF72 (Medical Clinic, Naval Academy)
FH1 (Medicine and Surgery)
FH6 (Medical Research Center)
FH13 (Hospital Corps School)
FH18 (Operational Medical Institute)
FH20 (Health Research Center)
FH24 (Medical Information Management Center)
FH26 (Environmental Health Center)
FH28 (Health Sciences, Naval School)

Distribution (continued):

SNDL FH35 (Hospital Operations and Training Command)
FH36 (Healthcare Support Office)
FH38 (Medical Support Office)
FJA8 (Reserve Personnel Center)
FJA9 (Enlisted Personnel Management Center)
FJA10 (Manpower Analysis Center)
FJB1 (Recruiting Command)
FJB3 (Recruiting District)
FM1 (Security Force Company, Marine Corps, Central)
FO1 (Legal Service Command)
FO2 (Legal Service Office)
FO4 (Justice School)
FR3 (Air Station)
FR4 (Air Facility)
FR5 (Air Reserve)
FR9 (Reserve Readiness Command Region)
FR10 (Reserve Centers)
FR14 (Air Reserve Centers)
FR21 (Recruiting Command)
FT1 (Chief of Education and Training)
FT2 (Air Training)
FT4 (Ambulatory Care Center)
FT6 (Air Station)
FT13 (Air Technical Training Center)
FT20 (Construction Training Center)
FT22 (Fleet Combat Training Center)
FT24 (Fleet Training Center)
FT27 (Nuclear Power Training Unit)
FT28 (Education and Training Center)
FT29 (Recruit Training Command)
FT30 (Service School Command)
FT31 (Training Center)
FT38 (Submarine Training Center)
FT39 (Technical Training Center)
FT44 (Diving and Salvage Training Center)
FT46 (Fleet Anti-Submarine Warfare Training Center)
FT51 (Mine Warfare Training Center)
FT65 (Fleet Intelligence Training Center)
FT78 (Education & Training Professional Development and Technology Center)
FT97 (Intelligence Training Center, Navy and Marine Corps)
FT108 (Hospital)
FT109 (Dental Centers)
FT111 (Occupational Safety and Health and Environmental Training Center)

Distribution (continued):

| | | |
|---|---|---|
| SNDL | FW1 | (National Naval Medical Center) |
| | FW2 | (National Dental Center) |
| | FW4 | (Medical Clinic) |
| | V | (Shore Activities Under the Command of the CMC) |
| | 45 | (Fleet Marine Force - Ground) |
| | 46 | (Fleet Marine Force - Aviation) |
| | 49 | (Administrative Support Unit) |

TABLE OF CONTENTS AND DON DISABILITY EVALUATION SYSTEM (DES) SUMMARY ............ 1-1
1001 Summary of Changes ............ 1-1
a. Non-Medical Documentation ............ 1-1
b. Complete Physicals Required ............ 1-1
c. Death Determinations ............ 1-1
d. Medical Board Evaluations ............ 1-1
e. Temporary Limited Duty (TLD) ............ 1-1
f. Temporary Disability Retired List (TDRL) Periodic Physical Examinations and PEB Reevaluation .. 1-2
g. Prior Service Impairments ............ 1-2
h. Fit ............ 1-2
i. Unfit ............ 1-2
j. Existed Prior to Service (EPTS) ............ 1-2
k. Presumed Fit (PFit) ............ 1-3
l. Informal PEB ............ 1-3
m. Formal PEB ............ 1-3
n. PEBLO ............ 1-3
o. Separation Authority ............ 1-4
1002 Applicability ............ 1-4
1003 Policy ............ 1-4
1004 Procedure ............ 1-5
1005 Prompt Identification of Disability ............ 1-9
1006 Use of Earned Leave ............ 1-9
1007 Transition ............ 1-9
1008 Medical Board Evaluations and Temporary Limited Duty Processing Time Standards ............ 1-9
a. Medical Board Evaluations ............ 1-9
b. Temporary Limited Duty (TLD) ............ 1-10
1009 Disability Evaluation System (DES) Processing Time Standards ............ 1-10
a. Medical Board Reports ............ 1-11
b. Physical Evaluation Board (PEB) ............ 1-11
c. Petitions For Relief (PFR) ............ 1-11
d. Officer Disability Review ............ 1-11
e. Separation/Retirement Date ............ 1-11
1010 – 1099 Reserved ............ 1-11
ABBREVIATIONS AND DEFINITIONS ............ 2-1
2001 Abbreviations ............ 2-1
2002-2086 Definitions ............ 2-3
2087-2099 Reserved ............ 2-22
DISABILITY EVALUATION POLICIES ............ 3-1
PART I - INTRODUCTION AND ADMINISTRATIVE POLICIES ............ 3-1
3101 Objectives ............ 3-1
3102 Summary Overview ............ 3-1
3103 Guidance To Members ............ 3-2
3104 Medical Board Requirements ............ 3-2
a. Purpose Of Medical Boards ............ 3-2

b. Convening Medical Boards ........ 3-2
3105 Special Interest Cases ........ 3-2
3106 Prompt Identification Of Disability ........ 3-2
3107 Counseling ........ 3-2
a. General ........ 3-3
b. PEBLOs/Counselors ........ 3-3
c. Counselor Training ........ 3-3
3108 Conflict Of Interest/Recusal ........ 3-3
3109 Restriction On Communications With Members ........ 3-4
3110 Reservist Participation ........ 3-4
3111 Travel Expenses ........ 3-4
3112 Leave ........ 3-5
3113 – 3199 Reserved ........ 3-5
PART 2 - POLICIES CONCERNING REFERRAL OF CASES TO THE PHYSICAL EVALUATION BOARD ........ 3-6
3201 Criteria For Referral To The Physical Evaluation Board ........ 3-6
a. Active Duty Members ........ 3-6
b. Inactive Duty Reservists ........ 3-6
c. Specified Physical Impairments ........ 3-6
3202 Circumstances Not Justifying Referral To The Physical Evaluation Board ........ 3-6
3203 Deferral Or Rejection Of Cases ........ 3-7
3204 Suspension Or Termination Of Cases ........ 3-9
3205 Nonmedical Documentation Reports - Current Performance Of Duty ........ 3-10
3206 Hospitalization And/Or Surgery Performed After MEB Report Referral To The PEB ........ 3-11
3207 Periodic Physical Examinations TDRL (PEB) ........ 3-12
3208 Member's Access To Medical Board Reports And Counseling ........ 3-12
3209 - 3299 Reserved ........ 3-12
PART 3 - POLICIES CONCERNING FITNESS VERSES UNFITNESS ........ 3-13
3301 Standard Used For Disability Determination ........ 3-13
3302 General Criteria For Making Unfitness Determinations ........ 3-13
3303 Relevant Evidence ........ 3-13
a. Referral Following Illness or Injury ........ 3-13
b. Referral For Chronic Impairment ........ 3-13
c. Adequate Performance Until Referral ........ 3-14
d. Cause and Effect Relationship ........ 3-14
3304 Reasonable Performance Of Duties ........ 3-14
3305 Presumption Of Fitness ........ 3-15
a. Application ........ 3-15
b. Presumptive Period ........ 3-15
c. Overcoming the Presumption ........ 3-16
d. Application for Prisoners of War (POWs) ........ 3-16
3306 Evidentiary Standards For Determining Unfitness Because Of Physical Disability ........ 3-16
3307 Standards And Criteria Not Normally To Be Used As The Sole Basis For Determining Fitness Or Unfitness ........ 3-17

a. Deployability....3-17
b. Physical Fitness Test....3-17
c. Special Qualifications....3-17
3308 Members Undergoing Initial Active Duty For Training....3-17
3309 Inactive-Duty Reservists With No Notice Of Eligibility....3-18
3310 - 3399 Reserved....3-18
PART 4 - ELIGIBILITY FOR DISABILITY BENEFITS AND RELATED POLICIES....3-19
3401 Conditions Not Constituting Physical Disability....3-19
3402 Non-Military Medical Records....3-19
3403 Disciplinary Or Misconduct Administrative Action....3-19
3404 Deserters....3-20
3405 Statutory Determinations To Be Made....3-20
3406 Ineligibility For Disability Benefits....3-20
3407 Not Entitled To Receive Basic Pay....3-20
3408 Inactive-Duty Reservist Without A Notice Of Eligibility....3-21
3409 Prior Service Impairments....3-21
3410 Unique Categories....3-21
a. Examples Of Individuals Not Entitled To Basic Pay....3-21
b. Not In Line of Duty....3-22
c. Presumption of In Line of Duty....3-22
d. Intentional Misconduct or Willful Neglect....3-22
e. Presumption of Not Misconduct....3-23
f. Applicability of Misconduct Determination....3-23
g. Examples of Misconduct and Not Misconduct Situations....3-23
h. Misconduct/Line of Duty Determinations....3-23
i. Passenger Misconduct....3-26
3411 Unauthorized Absence....3-26
3412 Substance Abuse-Related Disabilities....3-26
a. Injury Incurred as Proximate Result of Voluntary Intoxication....3-26
b. Alcohol and Drug-Induced Disease....3-27
3413 Unreasonable Refusal Of Medical, Dental, Or Surgical Treatment....3-28
3414 Mental Competency And Responsibility....3-28
a. Presumption of Mental Competence....3-28
b. Mental Responsibility Considerations....3-29
c. Determining Mental Incompetency....3-29
d. Restoration of Mental Competency....3-29
e. Suicide Attempts....3-30
3415 - 3499 Reserved....3-30
PART 5 - POLICIES CONCERNING COMBAT-RELATED INJURIES....3-31
3501 Provision Of Combat-Related Opinion....3-31
3502 General....3-31
3503 Combat-Related Injury....3-31
3504 Direct Result Of Armed Conflict....3-31
3505 Engaged In Extrahazardous Service....3-32

3506 Conditions Simulating War ....................3-32
3507 Caused By An Instrumentality Of War ....................3-32
3508 Appeals Of Combat-Related Opinions ....................3-32
3509 - 3599 Reserved ....................3-33
PART 6 - POLICY GOVERNING THE TEMPORARY DISABILITY RETIRED LIST (TDRL) ....................3-34
3601 Applicability ....................3-34
3602 Administration ....................3-34
3603 Administrative Finality ....................3-34
3604 Member's Responsibility To Maintain Current Mailing Address With Service ....................3-35
3605 Time Limit For Pay Purposes ....................3-35
3606 Orders For Periodic Physical Examination ....................3-35
3607 Priority ....................3-35
3608 Member Medical Records ....................3-35
3609 Refusal Or Failure To Report For Periodic Physical ....................3-35
3610 Reports From Non-MTFs ....................3-36
3611 Incarcerated Members ....................3-36
3612 Action Required By Examining Medical Facility When Member Fails To Report For Periodic Physical Examination ....................3-36
3613 Admission For Inpatient Observation ....................3-36
3614 Report Of Periodic Physical Examination ....................3-36
3615 TDRL Periodic Examinations ....................3-37
3616 Competency ....................3-38
3617 New Diagnoses ....................3-38
3618 TDRL Reevaluation With Regard To Compensability Of New Diagnoses ....................3-38
3619 Periodic Physical Examination Reports In Cases In Which Mental Competency Was Or Is An Issue ....................3-39
3620 Disposition Of The Report Of Periodic Physical Examination By The Examining Facility ....................3-39
3621 Travel Expenses ....................3-39
3622 Action On Cases By The Physical Evaluation Board Following Periodic Physical Examination ....................3-40
a. For Conditions Not Stabilized And Not Near 5 Years On The TDRL ....................3-40
b. For Conditions Which Have Stabilized Or Are Near 5 Years On The TDRL ....................3-40
3623 Removal From The TDRL ....................3-40
3624 Disposition After Processing By The Physical Evaluation Board ....................3-41
a. Retention On The TDRL ....................3-41
b. Removal From The TDRL ....................3-41
3625 Fit To Continue Naval Service Following Evaluation Of Periodic Physical Examination - Reenlistment Or Reappointment ....................3-41
3626 Current Periodic Examination ....................3-42
3627 Disability Less Than 30 Percent Following Evaluation Of Periodic Physical Examination ....................3-42
3628 Permanent Retirement ....................3-43
a. Members With 20 Years Or More Of Service ....................3-43
b. Members With Less Than 20 Years Of Service ....................3-43
3629 – 3699 Reserved ....................3-43
PART 7 - DISPOSITION POLICIES ....................3-44
3701 Fit (Or Physically Qualified) Following Disability Evaluation ....................3-44

3702 Unfit Following Disability Evaluation ..... 3-44
3703 Not Physically Qualified ..... 3-44
3704 Flag And Medical Corps Officers ..... 3-44
3705 Permanent Disability Retirement ..... 3-44
3706 Temporary Disability Retirement ..... 3-45
3707 Effective Date Of Retirement/Separation ..... 3-45
3708 Permanent Limited Duty Exception To Continue On Active Duty, Members Otherwise Unfit Because Of Physical Disability ..... 3-45
3709 Waiver Of Disability Retirement/Separation ..... 3-45
3710 Deferment Of Mandatory Retirement Or Separation ..... 3-46
3711 - 3799 Reserved ..... 3-46
PART 8 - RATING POLICIES ..... 3-47
3801 Policy ..... 3-47
3802 Essentials Of Rating Disabilities ..... 3-47
3803 Use Of VASRD Codes ..... 3-49
3804 Rating Issues ..... 3-50
a. Higher of Two Evaluations ..... 3-50
b. Changes in Rating Criteria ..... 3-50
c. Pyramiding ..... 3-51
d. Amputation Rule ..... 3-51
e. Bilateral Factor ..... 3-52
f. Total Disability Rating (Unemployability) ..... 3-52
g. Extra Scheduling Ratings in Exceptional Cases ..... 3-53
h. Convalescent Ratings ..... 3-53
i. Observation Ratings of Malignancies ..... 3-53
j. Analogous Ratings ..... 3-53
k. Overall Effect ..... 3-53
l. Zero Percent Ratings and Minimum Ratings ..... 3-53
m. Rating of Medical Impairments Existing Prior to Service ..... 3-54
n. Presumption of Service Aggravation ..... 3-56
o. Presumption of Sound Physical and Mental Condition Upon Entry ..... 3-56
p. Conditions Presumed to be Pre-Existing ..... 3-56
q. Treatment of Pre-Existing Conditions ..... 3-56
r. Combined Ratings Table ..... 3-56
s. Organ Transplants ..... 3-57
t. Rating Principles for Specific Disabilities ..... 3-58
3805 Assignment Of Aggravation Factors When Prescribed Treatment Is Refused Or Omitted ..... 3-58
3806-3899 Reserved ..... 3-58
PART 9 - DES-RELATED SUBMISSION REQUIREMENTS ..... 3-59
3901 General Requirements For Boards Being Refered For Disability Evaluation ..... 3-59
a. Medical Evaluation ..... 3-59
b. Explanation Of Apparent Contradictions In The Records ..... 3-59
c. Prohibition Of Conclusion Of Unfitness ..... 3-59
3902 Line Of Duty/Misconduct Determinations In Injury Cases ..... 3-59

3903 Inactive-Duty Reservists....3-60
3904 Prognosis Of Imminent Death....3-60
3905 Mental Competency Issues....3-60
3906 Attempted Suicide....3-61
3907 Mental Illness With The Abuse Of Drugs And/ Or Alcohol....3-61
3908 – 3999 Reserved....3-61
PHYSICAL EVALUATION BOARD PROCEDURES....4-1
PART 1 - PHYSICAL EVALUATION BOARD POLICY....4-1
4101 The President, Physical Evaluation Board....4-1
4102 Legal Review....4-1
4103 Error On Legal Review....4-2
4104 Cancellation And Correction Of Findings Letters And Notification Of Decision Letters....4-2
4105 Processing Final Physical Evaluation Board Findings From A Formal PEB....4-2
4106 Processing Special Interest Cases....4-3
4107 Processing TDRL Cases....4-3
4108 Processing Requests For Permanent Limited Duty (PLD) Status....4-3
4109 Processing Fit To Continue Naval Service Cases When Member Requests A Formal Hearing....4-3
4110 Processing Cases Containing A Condition Not Constituting A Physical Disability....4-3
4111 Categorization Of Findings....4-4
a. Category I....4-4
b. Category II....4-4
c. Category III....4-4
d. Category IV....4-4
4112 - 4199 Reserved....4-4
PART 2 - INFORMAL PHYSICAL EVALUATION BOARD....4-5
4201 General Functions Of Informal PEB....4-5
4202 Panel Composition....4-5
4203 Reserve Membership....4-5
4204 Alternate Members....4-5
4205 Administrator....4-6
4206 Recorders....4-6
4207 Oaths....4-6
4208 Preliminary Findings....4-6
4209 Documents To Be Reviewed....4-6
4210 Eligibility Determinations....4-7
4211 Format Of Findings....4-8
4212 Completion Of Evaluation....4-8
4213 Notification To Member And Options....4-9
a. Fit To Continue Naval Service Findings....4-9
b. Unfit To Continue Naval Service Findings....4-10
c. Physically Qualified For Continued Naval Service Findings....4-10
d. Not Physically Qualified For Continued Naval Service Findings....4-11
4214 Acceptance/Non-Acceptance Of Findings....4-11
4215 Conditional Acceptance....4-12

4216 Presumed Acceptance ........ 4-12
4217 Assignment Of Legal Counsel ........ 4-12
4218 - 4299 Reserved ........ 4-12
PART 3 - FORMAL PHYSICAL EVALUATION BOARD HEARINGS ........ 4-13
4301 Purpose And Overview ........ 4-13
4302 Functions Of Formal PEB ........ 4-13
4303 Panel Composition ........ 4-14
4304 Reserve Membership ........ 4-14
4305 Alternate Members ........ 4-14
4306 Administrator ........ 4-15
4307 Counsel ........ 4-15
4308 Counsel For The Panel ........ 4-15
4309 Duties Of Counsel For The Panel ........ 4-15
4310 Representation By Counsel ........ 4-15
a. Military Counsel. ........ 4-15
b. Civilian Counsel. ........ 4-16
c. Associate Counsel ........ 4-16
4311 Independence Of Military Counsel ........ 4-16
4312 Duties Of Counsel For The Member ........ 4-16
4313 Personal Appearance ........ 4-17
4314 Waiver Of Personal Appearance ........ 4-17
4315 Late Appearances ........ 4-17
4316 Access To Records ........ 4-18
4317 Scheduling Of Formal PEB Hearings ........ 4-18
a. Cases Involving Incompetent Members ........ 4-18
b. Inadequate Information ........ 4-18
c. Extensions ........ 4-18
4318 Formal PEB Hearings - Presiding Officer ........ 4-18
4319 Formal PEB Hearings - Open Session And Conduct ........ 4-18
4320 Formal PEB Hearings - Uniform ........ 4-19
4321 Formal PEB Hearings - Oaths ........ 4-19
4322 Formal PEB Hearings - Interlocutory Issues ........ 4-19
4323 Formal PEB Hearings - Challenges ........ 4-19
4324 Formal PEB Hearings - Recesses And Continuances ........ 4-19
4325 Formal PEB Hearings - Procedural Guide ........ 4-20
4326 Formal PEB Hearings - Objections ........ 4-20
4327 Formal PEB Hearings - Admission Of Evidence And Testimony ........ 4-20
4328 Formal PEB Hearings - Witnesses ........ 4-21
4329 Formal PEB Hearings - Findings ........ 4-21
4330 Formal PEB Hearings - Basis Of Findings ........ 4-22
4331 Formal PEB Hearings - Eligibility Determinations ........ 4-22
4332 Formal PEB Hearings - Inadequate Information ........ 4-23
4333 Formal PEB Hearings - Deliberations ........ 4-23
4334 Format Of Findings ........ 4-23

4335 Categorization Of Findings ....... 4-24
4336 Notification To Member ....... 4-24
4337 Permanent Limited Duty (PLD) Requests ....... 4-25
4338 Disagreement With Formal PEB Findings ....... 4-25
4339 Final PEB Findings ....... 4-25
4340 Rationale ....... 4-25
4341 Transcripts ....... 4-25
4342 Disposition Of Records ....... 4-25
4343 – 4399 Reserved ....... 4-26
PETITIONS FOR RELIEF (PFR) ....... 5-1
5001 Bases For PFR Within The Disability Evaluation System ....... 5-1
5002 Who May Petition ....... 5-2
5003 Format ....... 5-2
5004 Where To File ....... 5-2
5005 Time Constraints ....... 5-2
5006 Principles Employed When Acting On A PFR ....... 5-2
5007 – 5099 Reserved ....... 5-3
PERMANENT LIMITED DUTY (PLD) PROCEDURES ....... 6-1
6001 Continuance On Active Duty Of Physically Unfit ....... 6-1
6002 Limited Assignment ....... 6-1
6003 Authority To Retain ....... 6-1
6004 Retirement Eligible Members ....... 6-2
6005 Inactive-Duty Reservists ....... 6-2
6006 Retention In PLD Status To Complete Service Obligation ....... 6-2
6007 Voluntary Retention ....... 6-3
6008 Requesting PLD Status ....... 6-3
6009 Action By President, PEB Following Decision Concerning PLD Status ....... 6-3
6010 Monitoring Members Retained On PLD ....... 6-4
6011 Expiration Of PLD Status ....... 6-4
6012 – 6099 Reserved ....... 6-4
THE OFFICER PHYSICAL DISABILITY REVIEW BOARD ....... 7-1
PART 1 - DOCUMENTARY REVIEWS AND GENERAL BOARD REQUIREMENTS ....... 7-1
7001 Introduction And Establishment ....... 7-1
7002 Oversight ....... 7-1
7003 Functions ....... 7-1
7004 Board Composition ....... 7-2
7005 Appointment Of Officers ....... 7-2
7006 Convening ....... 7-2
7007 Recorder ....... 7-2
7008 Conflict Of Interest/Recusal ....... 7-2
7009 Adequate Information ....... 7-2
7010 Scheduling ....... 7-2
7011 Types Of Board Meetings ....... 7-3
7012 Content Of Opinions ....... 7-3

7013 Basis Of Opinions .......... 7-3
7014 Majority Vote .......... 7-4
7015 Signatures .......... 7-4
7016 Minority Opinions .......... 7-4
7017 Documentary Reviews .......... 7-4
7018 Oaths .......... 7-4
7019 Recording The Proceedings Of Documentary Reviews .......... 7-5
7020 – 7099 Reserved .......... 7-5
PART 2 - FORMAL ODRB HEARINGS .......... 7-6
7201 Legal Counsel .......... 7-6
7202 Conduct Of Formal ODRB Hearings .......... 7-6
7203 Administration Of Oaths .......... 7-6
7204 Evidence At Formal ODRB Hearings .......... 7-6
7205 Objections .......... 7-7
7206 Challenges .......... 7-8
7207 Recording Proceedings And Transcript Requirements .......... 7-8
7208 Record Of Proceedings .......... 7-8
7209 Transmittal Of Proceedings .......... 7-9
7210 – 7299 Reserved .......... 7-9
MEDICAL CONDITIONS AND PHYSICAL DEFECTS WHICH NORMALLY ARE CAUSE FOR REFERRAL TO THE PHYSICAL EVALUATION BOARD (PEB) .......... 8-1
8001 General .......... 8-1
8002 Musculoskeletal System .......... 8-2
8003 Organs Of Special Senses .......... 8-7
8004 Systemic Diseases .......... 8-10
8005 Respiratory System .......... 8-12
8006 Cardiovascular System .......... 8-14
8007 Gastrointestinal System .......... 8-18
8008 Genitourinary System .......... 8-21
8009 Hemic And Lymphatic Systems .......... 8-24
8010 Skin And Cellular Tissues .......... 8-25
8011 Endocrine System And Metabolic Conditions .......... 8-26
8012 Nervous System .......... 8-28
8013 Psychiatric Disorders .......... 8-30
8014 Venereal Diseases. .......... 8-31
8015 Neoplasms .......... 8-31
8016 Southwest Asia Theater Of Operations (SWATO) Cases .......... 8-32
8017 Dental .......... 8-33
Attachment (a) to Enclosure (8) .......... 8-34
MINIMUM REQUIREMENTS FOR MEDICAL EVALUATION BOARD (MEB), ADDENDA AND NARRATIVE SUMMARY WITH ANNOTATIONS .......... 8-34
Attachment (b) to Enclosure (8) .......... 8-45
CONDITIONS NOT CONSTITUTING A PHYSICAL DISABILITY .......... 8-45
Attachment (c) to Enclosure (8) .......... 8-47

SAMPLE MEB REPORT ....... 8-47
Attachment (d) to Enclosure (8) ....... 8-51
PLATES ....... 8-51
SPECIAL INSTRUCTIONS AND EXPLANATORY NOTES, VASRD ....... 9-1
9001 General ....... 9-1
9002 New Growths, Malignant ....... 9-1
9003 Organ Transplants ....... 9-2
9004 Anticoagulant Prophylaxis Or Treatment ....... 9-2
9005 Human Immunodeficiency Virus Infection (HIV) And/Or Acquired Immune Deficiency Syndrome (AIDS) ....... 9-3
9006 SWATO Cases ....... 9-3
9007 Necrotizing Fasciitis ....... 9-4
9008 Indwelling Foreign Bodies ....... 9-4
9009 Fibromyalgia ....... 9-4
9010 Future Changes ....... 9-4
9011 Instructions For Specific VASRD Codes ....... 9-5
Attachment (a) to Enclosure (9) ....... 9-45
ANALOGOUS CODES ....... 9-45
Attachment (a) (1) to Enclosure (9) ....... 9-49
SWATO UNDIAGNOSED SYMPTOM COMPLEX CODING ....... 9-49
Attachment (b) to Enclosure (9) ....... 9-51
WHAT YOU NEED TO KNOW ABOUT THE PHYSICAL EVALUATION BOARD ....... 10-1
10001 General ....... 10-1
10002 Conclusion ....... 10-7
NON-MEDICAL ASSESSMENTS (NMA) ....... 11-1
11001 Requirements For Submission ....... 11-1
Attachment (a) to Enclosure (11) ....... 11-2
SAMPLE NON-MEDICAL ASSESSMENT QUESTIONNAIRE ....... 11-2
Attachment (b) to Enclosure (11) ....... 11-5
SAMPLE NON-MEDICAL ASSESSMENT NARRATIVE SUMMARY ....... 11-5
DEATH IMMINENT PROCEDURES ....... 12-1
12001 General ....... 12-1
12002 Normal Working Hours Notification ....... 12-1
12003 After Normal Working Hours Notification ....... 12-1
12004 Procedures ....... 12-1
12005 Telephone Numbers ....... 12-2
MASTER INDEX ....... 13-1

# TABLE OF CONTENTS/DON DISABILITY EVALUATION SYSTEM (DES) SUMMARY

**1001** **Summary Of Changes**. References (b) through (d) have required extensive revisions throughout this instruction. **Read it entirely.** Major changes are:

a. Non-Medical Documentation. When a member is referred for physical disability evaluation, the commanding officer's assessment of the member's performance of duty may provide better evidence of the member's ability to perform duties than a clinical estimate by a physician. Particularly in cases of chronic illness and cases where objective evidence is minimal or lacking altogether, documents such as letters from the chain of command, annual evaluations, credential reports or personal testimony may reflect more accurately a member's capacity to perform. Include Non-Medical Assessments from the service member's commanding officer in all medical boards (except in cases of critical illness or injury in which return to duty is not expected). If the member has been reassigned for medical purposes; i.e., to Medical Holding Unit or Transient Personnel Unit, MTF will obtain this Non-Medical Assessment (NMA) from the member's previous commanding officer. See enclosure (11) for the NMA questionnaire form and a sample of a well-written narrative summary.

b. Complete Physicals Required. This requirement now extends to TDRL periodic evaluations and to Reserve component physical exams. Specifically, note known medical waivers in the narrative.

c. Death Determinations. Death determinations shall be made in accordance with accepted medical standards and the laws of the State where the member is located, or military medical standards when the member is outside the United States. In cases where Imminent Death Processing is desired, refer to applicable State standards in Medical Board reports. Do not forward to the PEB for evaluation Imminent Death Medical Board reports for members who, by State standards, have died.

d. Medical Board Evaluations. A member may be removed from full military duty for up to 30 days of light duty for the purpose of evaluation or treatment of a medical condition. If the member is unable to return to full military duty at the end of 30 days of light duty, the member will be placed in MTF Medical Hold for up to 30 additional days, pending evaluation by a Medical Board for the purpose of placement on TLD or referral to the PEB.

e. Temporary Limited Duty (TLD)

(1) For members of the Navy and Marine Corps, the period of TLD shall not exceed 16 months before the member either is referred to the PEB for evaluation or is returned to full military duty.

(2) If TLD originally is granted for 8 months, and extension or renewal is desired, the MTF shall submit the request to BUPERS (Pers-821) or CMC (MMSR-4), as appropriate,

based on a medical evaluation that additional TLD months likely will be sufficient to restore the member to full military duty.

f. Temporary Disability Retired List (TDRL) Periodic Physical Examinations and PEB Reevaluation. In addition to addressing those conditions for which the member was placed on TDRL, TDRL physical examinations and PEB reevaluation shall address all medical impairments diagnosed since member was placed on TDRL, to include whether the new diagnosis was caused either by the condition for which the member was placed on the TDRL, or the treatment received for such a condition.

(1) TDRL members determined Fit shall be entitled to a Formal PEB because removal from the TDRL represents a change in military status.

(2) Members on the TDRL shall be rated under the Veteran Administration Schedule of Rating Disability (VASRD) criteria in effect at the time of the member's final reevaluation.

g. Prior Service Impairments. Any medical condition incurred or aggravated during one period of service or authorized training in any of the Armed Forces that recurs or is aggravated during later service or authorized training, regardless of the time between, normally should be presumed incurred or aggravated in the line of duty, provided the condition or subsequent aggravation was not the result of the member's misconduct or willful negligence.

h. Fit. PEB finding meaning the member is Fit to continue naval service based on evidence which establishes that the member is able to reasonably perform the duties of his or her office, grade, rank or rating, to include duties during a remaining period of Reserve obligation. Within a finding of Fit to continue naval service is the understanding that the mere presence of a diagnosis is not synonymous with a disability. It must be established that the medical disease or condition underlying the diagnosis actually significantly interferes with the member's ability to carry out the duties of his or her office, grade, rank or rating. Members found Fit to continue naval service by the PEB are eligible for appropriate assignment. However, a finding of Fit by the PEB does not preclude subsequent temporary determinations of unsuitability for deployment or PRT/PFT participation, disqualification for special duties, Temporary Limited Duty, or administrative action (including separation) resulting from such determinations.

i. Unfit. PEB finding that the member is Unfit to continue naval service based on evidence which establishes that the member cannot reasonably perform the duties of his or her office, grade, rank or rating, to include duties during a remaining period of Reserve obligation. The PEB directs that service headquarters separate or retire members found Unfit to continue naval service.

j. Existed Prior to Service (EPTS). PEB finding replacing Existed Prior to Entry (EPTE), meaning evidence which establishes that the member is Unfit to continue naval service due to a physical disability which manifested or existed prior to military service, and which has

not been aggravated permanently by military service. Members found Unfit - EPTS are not eligible for disability severance pay or disability retirement regardless of length of service, but may be eligible for severance pay or retirement under other provisions of law.

k. Presumed Fit (PFit). PEB finding applied to officers and enlisted members referred to the PEB within 12 months of mandatory or after the approval of voluntary retirement, who, therefore, are evaluated under a presumption of fitness. PFit means evidence establishes that the member's functional impairment has not caused a premature termination of a career. Members found PFit are afforded the same rights within the DES as those found Fit to continue naval service. Members found PFit are not eligible for disability retirement, but are eligible for retirement under other provisions of law, and for evaluation by the Department of Veterans Affairs for disability compensation. See paragraph 3305 for a detailed discussion of PFit.

l. Informal PEB. When a medical board report expressing a reasonable doubt of a service member's ability to perform military duties is referred to the PEB for a determination of Fitness, the medical board report is initially reviewed by the Informal PEB. This panel conducts a review of the service member's record. A member does not appear before the Informal PEB. If found Fit to continue naval service, the service member may either accept the finding or submit a written request for reconsideration to the Informal PEB. The reconsideration will include new medical information not previously available or considered supporting the service member's argument and indicate whether the member does or does not desire a Formal PEB hearing if the Fit to continue naval service finding remains unchanged. However, if the Fit to continue naval service finding is confirmed upon reconsideration, there is no right to a hearing. If found Unfit to continue naval service, the service member has the right to accept the findings, demand a formal hearing before a Formal PEB, or conditionally accept the findings.

m. Formal PEB. A member who is found Unfit to continue naval service by the Informal PEB and wishes to appeal can demand a Formal hearing, with or without personal appearance. Formal hearings are held before the Formal PEB at one of two locations - Bethesda, MD, and San Diego, CA. The Formal PEB is the member's opportunity, with the assistance of legal counsel, to present evidence, testimony, and documents in support of his case. The service member is represented by an appointed military lawyer and may appear in person and present evidence pertinent to the case. The service member may also be represented by a National Service Officer from a National Service Organization or civilian counsel of his or her choosing provided at member's own expense. The Formal PEB's recommended findings will be reviewed for administrative and legal error. The Formal PEB's recommended findings are final only after the President, PEB signs the decision. The President, PEB can choose not to accept the recommended findings or to amend the recommended findings. If the service member disagrees with the findings, he or she may submit a Petition for Relief (PFR). This PFR is separate and distinct from the Formal PEB's decision.

n. PEBLO. PEBLO counselors are tasked with the responsibilities of counseling and educating service members, undergoing a hospital medical board, on the PEB process. PEBLO counselors carefully counsel the member or, in appropriate cases, the next of kin or legal guardian

in clearly understandable terms concerning the significance of action being taken in a case, its probable effect on the member's future, and options available. Counselors also discuss such matters as estimated retired or severance pay, probable retired grade, potential veteran benefits, post-retirement insurance programs, the Survivor Benefit Plan, and recourse to and preparation of Petitions For Relief. Counseling shall be provided before, during, and after PEB consideration, at each stage of processing, and as questions are raised by the member.

o. Separation Authority. DIRNCPB directs disability separations and retirements. In cases where the service member also is undergoing disciplinary or administrative discharge proceedings, which result in a punitive discharge or administrative discharge for misconduct, disability separation is superceded.

**1002 Applicability**. This instruction applies to all members of the active force, the reserve component, members placed on the TDRL, and former officers retired or released from active duty without pay for physical disability. Processing for punitive discharge and processing for administrative discharge for misconduct takes precedence over processing for disability. Once the PEB is formally notified that punitive action has been initiated, disability case processing is immediately suspended pending the outcome of the punitive action. When a punitive discharge or administrative discharge for misconduct does not result, disability processing shall be resumed and completed.

**1003 Policy**. Department of the Navy policy is to operate a system for disability evaluation which makes a single determination of physical fitness to continue naval service, provides for one nonautomatic appeal for members found Unfit to continue naval service, assures the rights of the member afforded by law, protects the interests of the government, and eases transition to civilian life for those found Unfit for further naval service.

a. No active duty member of the naval service, including reservists on extended active duty or reservists issued a Notice of Eligibility (NOE), may be retired or separated for physical disability without a Formal PEB if demanded under section 1214 of reference (a).

b. No member of the reserve component shall be separated for being Not Physically Qualified for continued naval service without a Formal PEB unless he or she waives the right. In this case, the member will bear the associated travel cost.

c. Inactive-duty reservists found Not Physically Qualified for continued naval service by the CHBUMED shall be separated, unless the inactive duty reservist requests referral to the PEB.

d. A reservist on extended active duty for 30 days or more who has been released from active duty and now is in an inactive duty drilling status and requests referral to the PEB for a condition which the member alleges was incurred or aggravated while on active duty shall be processed into the DES and the PEB shall determine and record whether the member is Fit or Unfit. In this instance the reservists comes under the provisions of 10 U.S.C. 1201 – 1203 and not 10 U.S.C. 1204 – 1206 (reference (a)). In such a situation, "in line of duty while entitled to basic pay"

rather than "proximate result" is the applicable statuary requirement for entitlement to disability compensation. Paragraph c of part 4 of reference (c) pertains.

e. Officers Separated For Disability Without Pay. An ad hoc Officer Disability Review Board (ODRB) is established as required by Section 1554 of reference (a). DIRNCPB will convene the ODRB when needed to review, at the request of an officer retired or released from active duty without pay for physical disability, the findings and decisions of the PEB, or of the predecessor board which made that determination. Procedures for its operation are set out in enclosure (7).

f. The TDRL will be managed to minimize the number of members awaiting final resolution of their duty status through timely reevaluation of their disabilities every 18 months, and prompt determinations of fitness for duty.

g. The number of members Unfit to continue naval service but retained in Permanent Limited Duty (PLD) status shall be maintained at the minimum level consistent with the guidance in this instruction

**1004 Procedure**. Physical evaluation proceedings shall be conducted under procedures in enclosure (1) through (12) as follows:

a. The PEB is established to act on behalf of the Secretary of the Navy (SECNAV) in making determinations of Fitness to continue naval service, entitlement to benefits, and disposition of service members referred to the Board. Excluding any case designated by the Secretary, the President, PEB, acting for the Secretary, shall issue the findings of the PEB.

b. The Informal PEB will perform record reviews in cases before it, and the President, PEB will notify the member by hand delivery or certified mail of the preliminary findings based on a preponderance of the evidence of record. The preliminary findings become the PEB final determination upon a finding of Fit to continue naval service or upon waiver of the hearing right by the member.

c. The PEB will advise the member of its preliminary findings as to Fitness to continue naval service, degree of disability, and entitlement to disability pay, and will provide an opinion as to the combat-relatedness for federal income tax purposes of any disability found. Dependent upon the nature of the case, a member has the following options:

(1) Agree with a records-only finding of Fit to continue naval service (or Physically Qualified for continued service in the Naval/Marine Corps Reserves in the case of inactive-duty reservists). In this case, there is no right to a hearing; therefore, the member is referred to his or her service headquarters for appropriate assignment or disposition.

(2) Disagree with a records-only finding of Fit to continue naval service (or Physically Qualified for continued service in the Naval/Marine Corps Reserves in the case of

inactive-duty reservists) and request reconsideration. For the case to be reconsidered, the member must provide medical information not previously available or considered. The member also must state whether or not a hearing is desired if the finding of Fit or Physically Qualified for continued naval service is unchanged. If the finding of Fit or Physically Qualified for continued naval service is confirmed, there is no right to a hearing. Service members found Fit or Physically Qualified for continued naval service will be referred by the PEB to their service headquarters for appropriate assignment or disposition. TDRL personnel found Fit to continue naval service will be given the option either of returning to active duty, being discharged from the naval service, or demanding a Formal PEB. The DIRNCPB is authorized to grant a request for a hearing in the case of a member found of Fit or Physically Qualified for continued naval service in order to preclude an error or injustice.

(a) Within a finding of Fit to continue naval service is the understanding that the mere presence of a diagnosis is not synonymous with a disability. In order to find that a member is Unfit for continued naval service, it must be established that the medical disease or condition underlying the diagnosis actually interferes significantly with the member's ability to carry out the duties of his or her office, grade, rank or rating.

(b) The PEB does not determine a member's status for deployability or suitability; therefore, a PEB determination of Fit to continue naval service does not preclude subsequent non-PEB determinations of temporary unfitness for specific assignments or PRT/PFT participation, disqualification from special duties, or administrative action (including separation) resulting from such determinations.

(3) Agree with records-only findings of Unfit to continue naval service and waive the right to a hearing. Service members found Unfit who waive their right to a hearing are referred by the PEB to CHNAVPERS, CMC (M&RA), or COMNAVRESFOR for separation or retirement, as appropriate.

(4) Agree with records-only findings of Unfit to continue naval service and conditionally waive the right to a hearing dependent upon the granting of special handling of his or her disposition, specifically including brief deferment of his or her separation or retirement. If the condition is satisfied, the Informal PEB records-only findings become final, subject to reevaluation at the time of separation in the case of members being granted Permanent Limited Duty (PLD).

(5) Disagree with records-only findings which include a finding of Unfit to continue naval service and exercise the right to a hearing. The Formal PEB then will conduct a hearing and recommend a final determination. The PEB merely expresses an opinion on the combat relatedness of injuries or conditions. Pursue disagreements with the PEB opinion by petitioning the Office of the Judge Advocate General. Disagreement with the PEB opinion on combat-relatedness is not a basis for demanding or requesting a Formal PEB.

(6) Disagree with records-only finding of Not Physically Qualified for continued service in the Naval/Marine Corps Reserves (in the case of inactive-duty reservists) and request a hearing. The Formal PEB then will conduct a hearing and recommend a final determination.

d. The member must exercise his or her options in subparagraph 1004c within 15 calendar days of notification by the PEB of the preliminary findings. Acceptance will be presumed on the 16th calendar day following receipt of notification.

e. For members who have been found mentally incompetent, the President, PEB, will appoint an attorney to advise the member's guardian or next-of-kin of the findings and the options available. The Formal PEB shall conduct a hearing unless such is waived by the guardian or next-of-kin.

f. When a member exercises the right to a hearing, or when SECNAV or DIRNCPB authorizes a hearing, the Formal PEB will conduct the full and fair hearing, subject to the review of President, PEB. The Formal PEB may advise the member of its conclusions. The President, PEB, will issue the final determination.

g. President, PEB may defer acceptance of a case by the PEB when the accompanying medical records, or Line of Duty Determination, or non-medical documentation lacks detailed information required for determination of Fitness, eligibility, combat-related injury, mental competence, or inactive reserve entitlement status, and task the medical facility, command, or general court-martial authority having cognizance over the submitting command or member to correct document deficiencies or supply the required information. Prompt responses to such requests shall be provided.

h. The findings of the PEB are final upon issuance by the President, PEB, or when the member has agreed with the findings of the PEB and waived the right to a hearing. The findings may not be changed, modified, set aside or reopened except for the correction of errors or upon submission of a Petition for Relief (PFR). A member may petition DIRNCPB for relief as provided in enclosure (5). Submit a PFR within 15 calendar days of notification of the final determination of the PEB. Acceptance will be presumed on the 16th calendar day following receipt of notification.

i. DIRNCPB will make a determination on each PFR filed based on the merits of the case, and advise the petitioner by certified letter, with copies to the President, PEB, Chief of Naval Personnel (CHNAVPERS) and the Commandant of the Marine Corps (CMC (M&RA)), as applicable.

j. In the special interest cases of flag and general officers, and medical corps officers of any grade, who are on active or reserve duty, and at the time of referral for physical disability evaluation, were scheduled for nondisability retirement under any provision of reference (a) for age or length of service, the PEB determination will be made as a recommendation to the Assistant Secretary of the Navy (Manpower and Reserve Affairs) (ASN (M&RA)), prepared for submission

to the Assistant Secretary of Defense (Health Affairs) (ASD (HA)) for approval prior to final decision by SECNAV. Section 1216 of reference (a) and reference (c) apply.

k. Members who are Unfit to continue naval service may be retained on active duty in PLD status for a specified period of time to meet shortages against authorized strength in an enlisted skill, competitive category, designator or specialty, or a military occupational field or specialty, provided they can perform required duties in an authorized billet for that skill. Unfit members may be retained in PLD status to complete a current tour of duty or to provide continuity in key billets pending relief. Requests from Unfit members for continuation in PLD status may also be considered as provided in enclosure (6).

l. Members Unfit to continue naval service may be retained in a PLD status for a specified period of time, at the request of a commanding officer of a medical treatment facility (MTF), to meet the need for that specific type of condition in a graduate medical education program at a specific MTF that cannot be met at that MTF by other authorized means and is essential to maintaining program accreditation. Unfit members also may be retained for MTF-specific medical research protocols. In each case, retention requirements must be fully documented to demonstrate essentiality, and must be approved by CHBUMED and CHNAVPERS or CMC (M&RA), as applicable.

m. Members Unfit to continue naval service may be retained in a PLD status for a specified period of time, at the request of a commanding officer of a MTF, to complete a current episode of treatment at a specific MTF when the continuity of care is deemed essential for the following reasons:

(1) medical specialties or facilities are not available in the Veterans Administration (VA) system,

(2) transportation to another medical facility is medically contraindicated, or

(3) transfer to the VA would result in abandonment of care because of VA caseload. In each case, the request must be documented fully and approved by the CHBUMED and the CHNAVPERS, CMC (M&RA) or COMNAVRESFOR, as applicable.

n. Members Unfit to continue naval service may be retained on active duty in a PLD status for the period required to complete their active service obligation for:

(1) enlisted education and training, including Enlisted Education Advancement Program, initial and advanced skill training schools which require obligation beyond initial enlistment contract, nuclear power field, advanced electronic field, and advanced technical field programs and similar programs. CHNAVPERS, CMC (M&RA) or COMNAVRESFOR may waive this requirement on a case by case basis when, as the result of a disabling condition, there is no billet in which disabled members can perform the required duties adequately.

(2) funded education programs including Naval Academy, Naval Reserve Officer Training Corps (NROTC), Armed Forces Health Professions Scholarships, Uniformed Services University of Health Sciences and equivalent funded education programs; advanced education or technical training requiring additional obligated service, including postgraduate education, service school or college, law school, medical residency (including fellowships), flight training, naval flight officer training, and equivalent programs. ASN (M&RA) may waive the requirement in cases where CHNAVPERS, CMC (M&RA) or COMNAVRESFOR demonstrates that, as the result of the disabling condition, there is no billet in which the disabled officer can perform the required duties adequately.

**1005 Prompt Identification Of Disability**. It is not within the mission of the Department of the Navy to retain members on active duty or in the Ready Reserve to provide prolonged, definitive medical care when it is unlikely the member will return to full military duty. Accordingly, line commanders, commanding officers of MTFs and individual medical and dental officers shall promptly identify for evaluation by Medical Boards and appropriate referral to the PEB under this instruction, those members presenting for medical care whose physical or mental fitness to continue naval service is questionable.

**1006 Use Of Earned Leave**. Under current law, unused leave is reimbursed upon separation at less than full pay and allowances. Members whose Medical Board reports have been accepted by the PEB are encouraged to use their earned leave, especially leave that would be lost upon separation. Cognizant commands shall make every effort to accommodate leave requests of members physically able to do so.

a. Commands shall not charge annual leave to members required to report for examination, medical treatment, rehabilitation, therapy, etc.

b. Do not charge a member annual leave when official duty or convalescent leave is the proper category.

**1007 Transition**. Complete those Medical Board reports which have been signed by the convening authority prior to the date of this instruction under the procedures in the preceding edition of this instruction, as modified by reference (b) through (d). All members on the TDRL on the date of this instruction will be managed under this edition of this instruction

**1008 Medical Board Evaluations And Temporary Limited Duty Processing Time Standards**

a. Medical Board Evaluations. A member may be removed from full military duty for up to 30 days of light duty for the purpose of evaluation or treatment of a medical condition. If the member is unable to return to full military duty at the end of 30 days of light duty, the member will be placed in MTF Medical Hold for up to 30 additional days, pending evaluation by a Medical Board for the purpose of placement on TLD or referral to the PEB.

b. Temporary Limited Duty (TLD). Members should be placed on TLD when the prognosis is that the member can be restored to full military duty within a reasonable period of time, usually 16 months or less. The period of TLD shall be the number of months needed to correct the incapacity, applying generally accepted medical standards of practice.

(1) U. S. Navy

(a) Active Duty. TLD periods shall not exceed 16 months. Extensions may be authorized by BUPERS (Pers-821) on a case-by-case basis. If TLD is originally granted for 8 months, and an extension or renewal is desired, the MTF shall submit the request to BUPERS (Pers-821). Any extension or renewal of TLD greater than 8 months must be approved by BUPERS (Pers-821) based on a medical evaluation that the additional months of TLD will be sufficient to restore the member to full duty. Upon completion of the authorized TLD, return the member to duty or refer to the PEB.

(b) Naval Reserve. There is no Temporary Limited Duty for members in a Ready Reserve status.

(2) U. S. Marine Corps

(a) Active Duty

1. TLD may be approved for enlisted Marines at the local MTF for up to an initial 8 months without the approval of CMC (MMSR-4). A copy of the board must be forwarded to CMC (MMSR-4) for historical record.

2. All officer MEBs, enlisted MEBs recommending subsequent periods of LIMDU, and enlisted MEBs recommending initial periods of LIMDU longer than 8 months must be submitted to CMC (MMSR-4) for Departmental Review. Upon review, LIMDU may be approved, or the MEB may be forwarded to the PEB for determination of Fitness. A re-evaluation of the member must be made 2 months prior to the completion of any period of LIMDU, and the MTF will inform CMC (MMSR-4) of the member's new medical status prior to the completion of the LIMDU period.

3. After 16 months of LIMDU, CMC (MMSR-4) will forward MEBs to the PEB. However, CMC (MMSR-4) reserves the prerogative to authorize an additional period of LIMDU for severe and unusual cases.

(b) Marine Corps Reserve. There is no Temporary Limited Duty for members in a Ready Reserve status.

**1009 Disability Evaluation System (DES) Processing Time Standards.** Refer service members to the PEB for disability evaluation as soon as it has been ascertained that return to full duty is unlikely, and optimal medical treatment benefits have been attained. To minimize the amount of

Navy and Marine Corps manpower awaiting determination of Fitness for duty, and to provide prompt decisions to service members being evaluated for disability, the following time standards are established. These time standards may be exceeded only in unusual circumstances

a. Medical Board Reports. Medical Board reports referring members to the PEB will be processed, dictated, and received by the PEB within 30 days of the attending physician's desire to convene a medical board based on the doctor's opinion that the service members return to full duty is unlikely and optimal medical benefits have been attained. Delays of acceptance by the PEB for completion of case documentation requirements are not included within this time standard.

b. Physical Evaluation Board (PEB)

(1) Records-based Disability Determination. Upon receipt of the Medical Board report and all necessary medical and non-medical documentation by the PEB, the processing time to the date of the determination of the final reviewing authority of preliminary findings normally should be no more than 40 days.

(2) Hearing-based Disability Determination. Upon PEB receipt of the member's decision to demand a Formal PEB hearing, the processing time to the date of the determination of the final reviewing authority normally should be no more than 90 days.

c. Petitions For Relief (PFR). Upon DIRNCPB receipt of the Petition for Relief, the processing time to the date of the determination of the final reviewing authority normally should be no more than 45 days

d. Officer Disability Review. The final reply to requests from officers retired or released from active duty without pay for physical disability for review of their case normally should be issued within 45 days of the date the request is received.

e. Separation/Retirement Date. The effective date of retirement/separation because of physical disability (either permanent or temporary) normally shall be within 4-6 weeks, on the average, after issuance of the "Notification of Decision". The 4-6 week average elapsed time standard, however, is a guideline, not an inflexible rule. It may be exceeded by CHNAVPERS and CMC (MMSR-4) in such circumstances as severe hardship on the member, taking earned leave when the member is unable to sell it, infeasibility, such as when there is longer lead-time for properly vacating government quarters or arranging movement of household effects, and adverse effect on the service such as when it would preclude contact relief of officers in command or other key billets.

**1010 – 1099 Reserved**

## ABBREVIATIONS AND DEFINITIONS

**2001 Abbreviations**

ASD (HA) - Assistant Secretary of Defense (Health Affairs)
ASN (M&RA) - Assistant Secretary of the Navy (Manpower & Reserve Affairs)
BAC - Blood Alcohol Concentration
BCNR - Board for Correction of Naval Records
CCEP - Comprehensive Clinical Evaluation Program
CHBUMED - Chief, Bureau of Medicine and Surgery
CHNAVPERS - Chief of Naval Personnel
CMC - Commandant of the Marine Corps
CNO - Chief of Naval Operations
COMNAVRESFOR - Commander, Naval Reserve Forces
DES - Naval Disability Evaluation System
DFAS – Defense Finance and Accounting Service
DIRNCPB - Director, Naval Council of Personnel Boards
DNEPTS - Did not exist prior to service (enlistment)
DOD - Department of Defense
En Bloc - Notification of Decision to service headquarters
EPTS - Existed Prior to service (enlistment)
GCM - General Court-Martial
IRR - Individual Ready Reserve
JAG - Judge Advocate General of the Navy
JAGMAN - Manual of the Judge Advocate General
JFTR - Joint Federal Travel Regulations
LODI - Line of Duty Investigation
MANMED - Manual of the Medical Department
MEB – Medical Board
MOS - Military Occupational Specialty
MTF - Medical Treatment Facility
NCPB - Naval Council of Personnel Boards
NEC - Naval Enlisted Classification
NOE - Notice of Eligibility
NMA – Non-Medical Assessment
NROTC - Naval Reserve Officer Training Corps
ODRB - Officer Disability Review Board
PEB - Physical Evaluation Board
PEBLO - Physical Evaluation Board Liaison Officer
PFR - Petition for Relief
PLD - Permanent Limited Duty
SECDEF - Secretary of Defense
SECNAV - Secretary of the Navy

SECNAVINST - Secretary of the Navy Instruction
SURGEN - Surgeon General
SWATO - Southwest Asia Theater Of Operations
TDRL - Temporary Disability Retired List
TLD - Temporary Limited Duty
UCMJ - Uniform Code of Military Justice
VA - Veterans Administration or Department of Veterans Affairs
VASRD - Veterans Administration Schedule for Rating Disabilities

**Definitions**

**2002 Accepted Medical Principles**

Fundamental deductions, consistent with medical facts, which are so reasonable and logical as to create a virtual certainty that they are correct.

**2003 Accession Standards.**

Physical standards or guidelines that establish the minimum medical conditions and physical defects acceptable for an individual to be considered eligible for appointment, enlistment or induction into the military services under DoD Directive 6130.3 of 3 June 1994 (NOTAL).

**2004 Active Duty**

Full-time duty in the active military service of the United States. It includes:

a. Full-time Active Reserve Duty.

b. Annual training.

c. Attendance while in active military service at a school designated as service school by law or by the Secretary of the Military Department concerned.

d. Service by a member of a Reserve component ordered to active duty (with or without consent), or active duty for training (with consent), with or without pay under competent orders.

**2005 Active Duty For A Period Of More Than 30 Days**

Active duty under a call or order that does not specify a period of 30 days or less (10 U.S.C. 101(23)).

**2006 Active Reserve Status**

Status of all Reserves not on an active-duty list maintained under Section 574 or 620 of 10 U.S.C. (reference (a)), except those on an inactive status list or in the Retired Reserve. Reservists in an active status may train with or without pay, earn retirement points, and may earn credit for and be considered for promotion. In accordance with the Reserve Officer Personnel Management Act (ROPMA), a member in an Active Reserve status must be on the Reserve Active-Status List (RASL)(10 U.S.C. 14002 reference (a)).

**2007 Active Service**

Service on active duty or in the full-time Active Reserve program.

**2008 Amputation**

a. Upper Extremities. Amputation of part or parts of an upper extremity which results in impairment at least equivalent to the loss of use of a hand.

b. Lower Extremities

(1) Loss of a toe or toes which precludes the ability to run or walk without a perceptible limp, or to engage in fairly strenuous jobs.

(2) Any loss greater than that specified above to include foot, leg, or thigh.

**2009 Amputation Rule**

The combined rating for disabilities of an extremity shall not exceed the rating for the amputation at the elective level, were amputation to be performed. For example, the combined evaluations for disabilities below the knee shall not exceed the 40 percent evaluation, diagnostic code 5165. This 40 percent rating may be further combined with evaluation for disabilities above the knee but not exceed the above the knee amputation elective level. Painful neuroma of a stump after amputation shall be assigned the evaluation for the elective site of reamputation.

**2010 Analogous Ratings**

An unlisted condition may be rated under a code for a closely related disease or injury in which not only the functions affected, but the anatomical localization and symptomatology are closely analogous. Conjectural analogies will be avoided, as will the use of analogous ratings for conditions of doubtful diagnosis, or for those not fully supported by clinical and laboratory findings. Nor will ratings assigned by analogy to organic diseases and injuries be assigned by analogy to conditions of functional origin.

**2011 Bilateral Factor**

When a partial disability results from injury or disease of both arms, both legs, or of paired skeletal muscles, the ratings for the disabilities of the right and left paired sides are first combined in the standard manner. Add 10 percent of the result (called the Bilateral Factor) to the first combined rating before proceeding with further combinations, or converting to degree of disability. Bilateral Factor is applied to the bilateral disability combination before final combinations with unpaired disabilities are carried out. Treat rating for a "Bilateral" disability (combined rating plus the Bilateral Factor) as one disability rating when arranging multiple impairments in order of severity prior to calculating further combinations. For example, with disabilities evaluated at 60 percent, 20 percent, 10 percent and 10 percent (the two 10s representing bilateral disabilities), the order of severity would be 60, 21 and 20. The 60 and 21

combine to 68 percent and the 68 and 20 to 74 percent, converted to 70 percent as the final degree of disability. (See paragraph b, below, when there is more than one paired disability.)

a. The terms "arms" and "legs" refer to the whole upper and lower extremities respectively. Thus, when there is a compensable disability of the right thigh (for example, amputation), and of the left foot (for example, amputation of the great toe), the Bilateral Factor applies. Similarly, the Factor is applied whenever there are compensable disabilities affecting use of paired extremities regardless of location or specified type of impairment, except as noted in paragraph c., below.

b. The correct procedure when applying the Bilateral Factor to disabilities affecting both upper extremities and both lower extremities is to combine the ratings of the disabilities affecting the four extremities in order of their individual severity and apply the Bilateral Factor by adding 10 percent of the result to the total combined value thus attained.

c. Bilateral Factor is not applicable unless there is an unfitting disability in each of two paired extremities or paired skeletal muscles. Special instructions regarding the applicability of the Bilateral Factor are provided in various parts of the VASRD. For example, codes 7114 - 7117 and codes 8205 - 8412. Bilateral Factor is not applicable in skin disabilities rated under code 7806.

**2012 <u>Clear and Convincing Evidence</u>**

As a standard of proof, it is that quantum of evidence beyond a mere preponderance, but below that of "beyond a reasonable doubt," such that it will produce in the mind of the fact finder a firm belief as to the facts sought to be established.

**2013 <u>Combat-Related Injury Or Disease</u>**

This standard covers those injuries and diseases attributable to the special dangers associated with armed conflict or the preparation or training for armed conflict. Consider physical disability to be combat-related if it makes the member Unfit, and was incurred under any of the circumstances listed below.

a. <u>As a direct result of armed conflict</u>. Armed conflict (5 U.S.C. 3502, 5532, 6303) (part 5 of reference (c)). The physical disability is a disease or injury incurred in the line of duty as a direct result of armed conflict. The fact that a member may have incurred a disability during a period of war or in an area of armed conflict, or while participating in combat operations, is not sufficient to support this finding. There must be a definite causal relationship between the armed conflict and the resulting Unfitting disability.

(1) Armed conflict includes a war, expedition, occupation of an area or territory, battle, skirmish, raid, invasion, rebellion, insurrection, guerrilla action, riot, or any other action in which service members are engaged with a hostile or belligerent nation, faction, force, or terrorists.

(2) Armed conflict also may include such situations as incidents involving a member while interned as a prisoner of war or while detained against his or her will in custody of a hostile or belligerent force, or while escaping or attempting to escape from such confinement, prisoner of war, or detained status.

b. While engaged in extra hazardous service. Such service includes, but is not limited to, aerial flight duty, parachute duty, demolition duty, experimental stress duty, and diving duty.

c. Under conditions simulating war. In general, this covers disabilities resulting from military training, such as war games, practice alerts, tactical exercises, airborne operations, leadership reaction courses; grenade and live fire weapons practice; bayonet training; hand-to-hand combat training; repelling, and negotiation of combat confidence and obstacle courses. It does not include physical training activities, such as calisthenics and jogging or formation running and supervised sports.

d. Caused by an instrumentality of war. Incurrence during a period of war is not required. A favorable determination is made if the disability was incurred during any period of service as a result of such diverse causes as wounds caused by a military weapon, accidents involving a military combat vehicle, injury, or sickness caused by fumes, gases, or explosion of military ordnance, vehicles, or material. However, there must be a direct causal relationship between the instrumentality of war and the disability. For example, an injury resulting from a service member falling on the deck of a ship while participating in a sports activity would not normally be considered an injury caused by an instrumentality of war (the ship) since the sports activity and not the ship caused the fall. The exception occurs if the operation of the ship caused the fall. See paragraphs 3506 and 3507.

**2014 Compensable Disability**

A medical condition determined to be Unfitting by reason of physical disability, which meets the statutory criteria under Chapter 61 of 10 U.S.C., reference (a) for entitlement to disability retired or severance pay.

**2015 Competency Board**

A board consisting of at least three medical officers or physicians (including one psychiatrist) convened to determine whether a member is competent (capable of making a rational decision regarding his or her personal and financial affairs). See paragraph 2045 (Mental Incompetence).

**2016 Conditions Not Physical Disability**

Certain conditions and defects of a developmental nature designated by the Secretary of Defense do not constitute a physical disability and are not ratable in the absence of an underlying ratable causative disorder. If there is a causative disorder, rate it in accordance with other provisions of this Instruction. These conditions include, but are not limited to, those listed in the paragraph below. Such conditions should be referred for appropriate administrative action under other laws and regulations.

a. Enuresis

b. Sleepwalking and/or Somnambulism

c. Dyslexia and Other Learning Disorders

d. Attention Deficit Hyperactivity Disorder

e. Stammering or Stuttering

f. Incapacitating fear of flying confirmed by a psychiatric evaluation

g. Airsickness, Motion, and/or Travel Sickness

h. Phobic fear of Air, Sea and Submarine Modes of Transportation

i. Certain Mental Disorders including:

(1) Uncomplicated Alcoholism or other Substance Use Disorder

(2) Personality Disorders

(3) Mental Retardation

(4) Adjustment Disorders

(5) Impulse Control Disorders

(6) Homosexuality

(7) Sexual Gender and Identity Disorders, including Sexual Dysfunctions and Paraphilias

(8) Factitious Disorder

j. Obesity

k. Overheight

l. Psuedofolliculitis barbae of the face and/or neck

m. Medical Contraindication to the Administration of Required Immunizations

n. Significant allergic reaction to stinging insect venom

o. Unsanitary habits

p. Certain Anemias (in the absence of unfitting sequelae) including G6PD Deficiency, other inherited Anemia Trait, and Von Willebrand's Disease

q. Allergy to Uniformed Clothing, Wool

**2017 <u>Death</u>**

Total and permanent cessation of all vital functions. A determination of death must be made in accordance with accepted medical standards and the laws of the State where the member is located or the military medical standards in effect at an overseas location. See paragraph 3904.

**2018 <u>Deployable</u>**

A determination that the member is free of a medical condition(s) that prevents positioning the member individually or as part of a unit, with or without prior notification, to a location outside the Continental United States for an unspecified period of time. Non-deployability does not necessarily equate to Unfitness.

**2019 <u>Disability Benefits</u>**

a. <u>Active Duty</u>. Disability retirement pay and severance pay, authorized by 10 U.S.C., Chapter 61, provided for members, who, if otherwise qualified, become Unfit to continue naval service because of physical disability acquired or aggravated while entitled to receive basic pay. Once released from active duty and no longer entitled to receive base pay, members or former members are not authorized benefits under 10 U.S.C., Chapter 61, even though their disabilities are service connected. Rather, such members or former members must file separate disability claims with the Department of Veterans Affairs (VA).

b. Reserve Component Members. A Reserve component member shall be adjudicated under the statutory provisions applicable to his or her duty status at the time of onset or aggravation of the condition for which the member is determined Unfit. This means a Ready Reserve member not on extended active duty at the time of his or her referral into the DES, but who is determined Unfit for a disability incurred or aggravated while the member was on a call to active duty of more than 30 days, comes under the provisions of 10 U.S.C. 1201 - 10 U.S.C. 1203 and not 10 U.S.C. 1204 - 1206 (reference (a)). In such a situation, "in line of duty while entitled to basic pay" rather than "proximate result" is the applicable statutory requirement for entitlement to disability compensation.

**2020 Disability Retired Pay**

Regular periodic compensation a member receives who is retired because of disability from active service.

**2021 Disability Severance Pay**

One-time compensation received by a member who is discharged because of disability resulting from active service. Also, see 10 U.S.C. 1212.

**2022 Disposition**

PEB directs service headquarters to effect a member's status within the naval service. As used in this instruction, "disposition" may mean one or a combination of the following:

| Disposition | Directed Action |
|---|---|
| Fit to continue naval service | Return to duty<br>Discharge under other provisions of law<br>Remove from TDRL |
| Unfit to continue naval service | Discharge with severance pay<br>Discharge without severance pay<br>Transfer to TDRL<br>Continue on TDRL<br>Transfer to Permanent Disability Retired List (PDRL) |
| Physically Qualified for continued naval service in the Reserves | Return to duty |
| Not Physically Qualified for continued naval service in the Reserves | Discharge from the Reserves |

Administrative removal from the TDRL for failure to undergo 18-month periodic physical examinations, and discharge without severance pay and other benefits will be effected at the end of the service members 5-year authorized TDRL period.

**2023 Duty Related Impairments**

Impairments which, in the case of a member on active duty for 30 days or less, are the proximate result of, or were incurred in, line of duty after September 23, 1996, as a result of:

a. Performing active duty or inactive duty training;

b. Traveling directly to or from the place at which such duty is performed; or

c. After September 23, 1996, an injury, illness, or disease incurred or aggravated while remaining overnight, between successive periods for purposes of IDT, at or in the vicinity of the site of the IDT, if the site is outside reasonable commuting distance of the member's residence. Reasonable commuting distance is defined as a 100 mile radius.

**2024 En Bloc**

See paragraph 2053 Notification of Decision.

**2025 Existed Prior To Entry (EPTE)**

A finding formerly used by the PEB when evidence established that the member was Unfit due to a medical impairment that manifested or existed prior to entry in the military service which was not permanently aggravated by military service and, therefore, was not rated. The term EPTE as used in previous versions of this instruction means the same as, and has been replaced by, the term Existed Prior to Service (EPTS).

**2026 Existed Prior To Service (EPTS)**

A finding by the PEB that evidence establishes that the member is Unfit to continue naval service due to a medical impairment that manifested or existed prior to entry in the military service which has not been permanently aggravated by military service. Members found Unfit - EPTS are not eligible for disability severance pay or disability retirement regardless of length of service, but may be eligible for severance pay or retirement under other provisions of law. The term EPTS as used in references (b) through (d) and for the purposes of this instruction replaces the term EPTE.

**2027 Extended Active Duty.**

Active duty under orders specifying a period of more than 30 days.

**2028 Final Reviewing Authority.**

That position with the power to make final decisions on cases before the PEB.

**2029 Final Decision**

A final decision shall be construed as having been issued when:

a. the member accepts, either actually or constructively, the findings of the PEB following a record review, subject to review and approval, or

b. the President, PEB, issues the Findings Letter following a formal hearing, or

c. a PFR is acted upon by the DIRNCPB or higher authority.

**2030 Findings**

Decisions concerning a member's Fitness to continue naval service and disability eligibility and rating arrived at by the PEB.

**2031 Findings Letter**

A letter from the President, PEB, DIRNCPB, or SECNAV to the member being processed within the DES informing him or her of the findings of the PEB.

**2032 Fit**

A finding by the PEB meaning that the member is Fit to continue naval service based on evidence that establishes that the member is able reasonably to perform the duties of his or her office, grade, rank or rating, to include duties during a remaining period of Reserve obligation. Within a finding of Fit to continue naval service is the understanding that the mere presence of a diagnosis is not synonymous with a disability. It must be established that the medical disease or condition underlying the diagnosis actually interferes significantly with the member's ability to carry out the duties of his or her office, grade, rank or rating. Members found Fit to continue naval service by the PEB are eligible for appropriate assignment. However, a finding of Fit by the PEB does not preclude subsequent temporary determinations of unsuitability for deployment or PRT/PFT participation, disqualification for special duties, Temporary Limited Duty or administrative action resulting from such determinations.

**2033 Full And Fair Hearing**

A hearing held by a board, before which the Service member has the right to make a personal appearance with the assistance of counsel, and to present evidence in his or her behalf.

**2034 Guardian/Committee**

Person or persons appointed by a court of competent jurisdiction to act for a mentally incompetent member under limitations, if any, established by the court. Their actions are legally binding on the member.

**2035 Impairment Of Function**

Any disease or residual of an injury that results in a lessening or weakening of the capacity of the body or its parts to perform normally, according to accepted medical principles.

**2036 Inactive Duty Training (IDT)**

Duty prescribed for Reservists, other than active duty or full-time National Guard Duty, under 37 U.S.C. 206 or other provision of law. It does not include work or study in connection with a correspondence course of a Uniformed Service.

**2037 Incapacitation Board**

See paragraphs 2015 Competency Board, 2045 Mental Incompetence.

**2038 Incurred While Entitled To Receive Basic Pay**

a. "Incurred" refers to the date or time when a disease or injury is contracted or suffered, as distinguished from a later date, when the PEB determines that a member has become Unfit to continue naval service as a result of such disease or injury. Physical disability due to natural progression of disease or injury is "incurred" at the time the disease or injury causing the disability is contracted. When the increase in physical impairment during service is in excess of that due to natural progression of the disease or injury, the increase is due to aggravation by service.

b. "While entitled to receive basic pay" encompasses all types of duty which entitled the member concerned to receive active duty basic pay. It also includes any duty without pay which may be counted the same as duty with pay, such as reserve personnel drilling in non-pay billets. For purposes of administering disability benefit under 10 U.S.C., Chapter 61, midshipmen are not entitled to receipt of basic pay. In addition, members in an appellate or excess leave status are not entitled to receive basic pay. This definition shall not be construed to entitle any member not on active duty, who, at the time of separation from active duty was considered Fit to continue naval

service, to benefits under 10 U.S.C., Chapter 61, because of an increase in impairment occurring while the member was not entitled to basic pay.

**2039 Injury**

Damage or wound to the body, traumatic in origin.

**2040 Instrumentality Of War**

A vehicle, vessel, or device designed primarily for Military Service, and intended for use in such Service at the time of the occurrence of the injury. It also may be a vehicle, vessel, or device not designed primarily for Military Service if use of or occurrence involving such a vehicle, vessel, or device subjects the individual to a hazard peculiar to Military Service. This use or occurrence differs from the use or occurrence under similar circumstances in civilian pursuits. There must be a direct causal relationship between the use of the instrumentality of war and the disability, and the disability must be incurred incident to a hazard or risk of the service.

**2041 Line Of Duty Investigation.**

An inquiry used to determine whether an injury or disease of a member performing military duty was incurred in a duty status; if not in a duty status, whether it was aggravated by military duty; and whether incurrence or aggravation was due to the member's intentional misconduct or willful negligence.

**2042 Medical Evaluation Board (MEB)**

A body of physicians (or others specifically designated by CHBUMED) convened in accordance with reference (f), Chapter 18, to identify members whose physical and/or mental qualification to continue on full duty is in doubt or whose physical and/or mental limitations preclude their return to full duty within a reasonable period of time. They are convened to evaluate and report on the diagnosis; prognosis for return to full duty; plan for further treatment, rehabilitation, or convalescence; estimate of the length of further disability; and medical recommendation for disposition of such members.

**2043 Member**

Unless otherwise defined, a "member" may be a commissioned officer, commissioned warrant officer, warrant officer, aviation candidate or enlisted person of the regular or reserve forces, including a retired person of the naval service. The term "retired person" includes members of the Fleet Reserve and Fleet Marine Corps Reserve who are in receipt of retainer pay. Midshipmen of the Navy are not "members" (10 U.S.C. 5001).

a. "Navy" means the U.S. Navy. It includes the Regular Navy, the Fleet Reserve and the Naval Reserve.

b. "Marine Corps" means the U.S. Marine Corps. It includes the Regular Marine Corps, the Fleet Marine Corps Reserve and the Marine Corps Reserve.

c. "Member of the Naval Service" means a person appointed or enlisted in, or inducted or conscripted into, the Navy or the Marine Corps.

**2044 Member, Enlisted**

A person serving in an enlisted grade or rating (10 U.S.C. 5001 (a)(4)).

**2045 Mental Incompetence**

Mental incompetence is the condition of a member who has been found by medical authority designated in paragraph 3414 to be mentally incapable of managing his or her own financial or personal affairs. For the purposes of this instruction, mental incompetency and mental incapacitation are synonymous.

**2046 Misconduct**

For purposes of disability entitlements, misconduct consists of Intentional Misconduct or Willful Neglect as described in paragraphs 2086 and 3410d.

**2047 Natural Progression**

The worsening of a pre-Service impairment that would have occurred as a result of similar activity regardless of Military Service.

**2048 Next Of Kin**

Next of kin in order of preference: spouse; if no spouse, eldest child over age of majority (including children of a prior marriage); if there is no spouse and no child is over the age of majority, then the father or mother (when parents are living together, or separate after the member has entered the service, the father is normally considered the next of kin. When parents separate or divorce before the member's entry into the service, the parent having legal custody of the member will be considered the next of kin. If neither or both parents had legal custody, give preference to the parent the member resided with prior to entry into the service); if none of the foregoing, then the eldest sibling or other blood relative in that order.

**2049 Non-Compliance**

The unreasonable failure or refusal to submit to prescribed therapy which aggravates a member's degree of disability. This includes, but is not limited to, the refusal to submit to medical or

surgical treatment or therapy, to take prescribed medications, or to observe prescribed restrictions on diet, alcohol, drugs, or tobacco. See paragraph 3805.

**2050 Non-Deployable**

A determination made by service personnel authorities or local medical authorities that the member has a medical condition (s) that temporarily or permanently prevents positioning the member individually or as a part of a unit with or without prior notification to a location outside the Continental United States for a specified period of time. The inability to perform duties in every geographic location and under every conceivable circumstance is not the standard to be used as the basis for making this determination. Members who are determined to be non-deployable for a condition that is permanent in nature and significantly interferes with his or her ability to perform the duties of office, grade, rank or rating should be referred to the PEB for disability evaluation. While non-deployability shall be one of many factors considered by the PEB in determining Fitness for continued naval service, non-deployability alone will not normally constitute a basis for a finding of Unfit to continue naval service. See paragraphs 2032 (Fit), 2084 (Unfit).

**2051 Non-Duty Related Impairments**

Impairments of members of the Reserve components that were neither incurred nor aggravated while the member was performing duty, to include no incident of manifestation while performing duty which raises the question of aggravation. Members with nonduty related impairments are eligible to be referred to the PEB for solely a Fitness determination but not a determination of eligibility for disability benefits.

**2052 Notice Of Eligibility (NOE)**

A document that is issued when it is determined that an injury or disease was incurred or aggravated by reserve service and may authorize benefits to include medical care, travel to and from medical treatment, incapacitation pay and/or drill pay and processing through the DES.

**2053 Notification Of Decision (En Bloc)**

A document issued by the President, PEB or DIRNCPB informing the CHNAVPERS or CMC (M&RA), as appropriate, of the final decision and directing disposition in a member's case.

**2054 Not Physically Qualified (NPQ) For Continued Naval Service**

A PEB directed disposition applied to a reservist when he or she is unable to continue service in the Naval or Marine Corps Reserves because of a non-duty related disease or injury which precludes the member from performing the duties of his or her office, grade, rank, or rating in such a manner as to reasonably fulfill the purpose of his or her reserve employment. An NPQ vice Unfit determination is made in those cases in which an NOE has not been granted by CHNAVRES or CMC (M&RA).

**2055 Observation Ratings**

The VASRD, in cases of malignancy, has ratings applicable for a 6-month to 2-year period of observation. Following this period of observation residuals will be rated. Observation ratings do apply to the Military Departments.

**2056 Office, Grade, Rank, Or Rating, Military Occupational Specialty (MOS)**

a. Office. A position of duty, trust, authority to which an individual is appointed.

b Grade. A step or degree in a graduated scale of office or military rank that is established and designated as a grade by law or regulation (E-7, O-5, W-2).

c. Rank. The order of precedence among members of the Armed Forces.

d. Rating. The occupational fields prescribed for Sailors (BM, Boatswain's Mate; DT, Dental Technician; etc.) or Primary Military Occupational Specialties (PMOS) prescribed for Marines (0311, Rifleman; 3531, Motor Vehicle Operator; etc). Does not include secondary specialties (NEC or SMOS).

**2057 Officer**

"Officer" means a member of the naval service serving in a commissioned or warrant officer grade. It includes, unless otherwise specified, a member who holds a permanent enlisted grade and a temporary appointment in a commissioned or warrant officer grade (10 U.S.C. 5001(a)(5)).

**2058 Officer, Commissioned**

"Commissioned Officer" means a member of the naval service serving in a grade above warrant officer, W-1. It includes, unless otherwise specified, a member who holds a permanent enlisted grade or the permanent grade of warrant officer, W-1, and a temporary appointment in a grade above warrant officer, W-1 (10 U.S.C. 5001(a)(6)).

**2059 Officer, Warrant**

"Warrant Officer" means a member of the naval service serving in a warrant officer grade. It includes, unless otherwise specified, a member who holds a permanent enlisted grade and a temporary appointment in a warrant officer grade (10 U.S.C. 5001(a)(7)).

**2060 Optimum Hospital And Medical Treatment Benefits**

The point of hospitalization or treatment when a member's progress appears to be stabilized; or when, following administration of essential initial medical treatment, the patient's medical prognosis for being capable of performing further duty can be determined.

**2061 Pending Retirement**

Service members shall be considered to be pending retirement when the dictation of the member's MEB report occurs after any of the circumstances designated in subparagraphs a through d below. See paragraph 3305.

a. When a member's request for voluntary retirement has been approved. Revocation of voluntary retirement orders for purposes of referral into the DES does not negate application of the presumption.

b. An officer has been approved for Selective Early Retirement.

c. An officer is within 12 months of mandatory retirement due to age or length of service.

d. An enlisted member is within 12 months of his or her High Year Tenure (HYT) or expiration of active obligated service (EAOS) and will be eligible for retirement at his or her HYT/EAOS.

**2062 Percentage Of Disability**

Percentage ratings of the VASRD, as modified by enclosure (9) of this instruction, represent, as far as can practicably be determined, the average impairment in earning capacity resulting from diseases and injuries and their residual conditions in civil occupations.

**2063 Performing Military Duty Of 30 Days Or Less**

Term used to inclusively cover the categories of duty pertaining to 10 U.S.C. 1204 - 1206 (reference (a)) (active duty, IDT, and travel directly to and from active duty or IDT).

**2064 Permanent Limited Duty (PLD)**

The continuation on active duty or in the Ready Reserve in a limited duty capacity of a service member determined Unfit as a result of physical disability evaluation or medical disqualification. Authority to grant PLD in excess of 60 days for Marines and 90 days or Sailors is limited to service headquarters.

**2065 Permanent Nature Of A Disability**

For the purpose of this instruction, this term means that a service member is not able to return to full military duties. It does not mean that the condition is stabilized nor does it mean that it will continually impact on the member's future earning capacity.

**2066 Petition For Relief (PFR)**

When the findings of the PEB become final, after a Formal PEB hearing, and the member has exhausted all available options with the PEB, members who have not been discharged or separated, and TDRL personnel, may Petition For Relief (PFR). Members who have been separated or permanently retired may Petition the Board for Correction of Naval Records (BCNR). The only bases for relief by means of PFR are:

a. New Or Newly Discovered Evidence.

b. Fraud, Misrepresentation, Or Other Misconduct.

c. Mistake Of Law.

See enclosure (5) of this instruction.

**2067 Physical Disability**

Any impairment due to disease or injury, regardless of degree, that reduces or prevents an individual's actual or presumed ability to engage in gainful employment or normal activity. The term "physical disability" includes mental disease, but not such inherent defects as behavioral disorders, adjustment disorders, personality disorders, and primary mental deficiencies. A medical impairment or physical defect standing alone does not constitute a physical disability. To constitute a physical disability, the medical impairment or physical defect must be of such a nature and degree of severity as to interfere with the member's ability to adequately perform his or her duties.

**2068 Preliminary Findings Letter**

Initial findings from the Informal PEB.

**2069 Preponderance Of Evidence**

That evidence that tends to prove one side of a disputed fact by outweighing the evidence on the other side (that is, more than 50 percent). Preponderance does not necessarily mean a greater number of witnesses or a greater mass of evidence; rather, preponderance means a superiority of evidence on one side or the other of a disputed fact. It is a term that refers to the quality, rather than the quantity of the evidence. "More likely than not." See paragraph 2012 (Clear and Convincing).

**2070 Presumed Fit (PFit)**

PEB finding applied to service members pending retirement at the time they are referred to the PEB for disability evaluation and, therefore, are evaluated under a presumption of Fitness. A finding of PFit means evidence establishes that the member's functional impairment has not caused the premature termination a career. Members found to be PFit are afforded the same rights within the DES as those found Fit to continue naval service. Members found PFit are not eligible for disability retirement, but are eligible for retirement under other provisions of law, and for evaluation by the VA for disability compensation. See paragraph 3305.

**2071 Presumption**

An inference of the truth of a proposition or fact, reached through a process of reasoning and based on the existence of other facts. Matters that are presumed need no proof to support them, but may be rebutted by evidence to the contrary.

**2072 Prior Service Impairments**

Any medical condition incurred or aggravated during one period of service or authorized training in any of the Armed Forces that recurs or is aggravated during later service or authorized training, regardless of the time between. Prior Service Impairments normally should be considered incurred in the line of duty provided the condition or subsequent aggravation was not the result of the member's misconduct or willful negligence. See paragraph 3409.

**2073 Proximate Result**

A permanent disability the result of, arising from, or connected with active duty, annual training, active duty for training, or inactive duty training (IDT), (etc.) to include travel to and from such duty or remaining overnight between successive periods of inactive duty training. Proximate result is a statutory criteria for entitlement to disability compensation under Chapter 61 of reference (a) applicable to Reserve component members who incur or aggravate a disability while performing an ordered period of military duty of 30 days or less.

**2074 Pyramiding**

Term used to describe the application of more than one rating to any area or system of the body when the total functional impairment of that area or system is reflected adequately under a single appropriate code. Disability from injuries to the muscles, nerves, and joints of the extremity may overlap to a great extent. Special rules for their valuation are included in appropriate sections of the VASRD and in enclosure (3) of this instruction. Related diagnoses should be merged for rating purposes when the VASRD provides a single code covering all manifestations. This prevents pyramiding and reduces the chance of over-rating. For example, disability from fracture of a tibia involving malunion, limitations of dorsiflexion, eversion, inversion, and subtalar motion, as well as traumatic arthritis of the ankle would be rated using one diagnostic code (5271) that reflects overall ankle function, rather than by adding separate ratings for the limitations of motion and the traumatic arthritis.

**2075 Ready Reserve**

Units and individual reservists liable for active duty as outlined in Sections 12301 (Full Mobilization) and 12302 (Partial Mobilization) of 10 U.S.C. (reference (a)). This includes members of units, members of the Active Reserve Program, Individual Mobilization Augmentees and the Individual Ready Reserve.

**2076 Reserve Component**

Either the United States Naval Reserve or the United States Marine Corps Reserve (10 U.S.C. 10101).

**2077 Retention Standards**

Physical standards or guidelines which establish those medical conditions or physical defects that may render a service member Unfit for further military service and are therefore cause for referral of the member into the DES.

**2078 Secretary**

Unless otherwise qualified, refers to the Secretary of the Navy.

**2079 Service Aggravation**

The permanent worsening of a pre-service medical condition over and above the natural progression of the condition caused by trauma or the nature of military service.

**2080 Temporary Disability Retired List (TDRL)**

A list maintained by the CNO or CMC of members Unfit to continue naval service because of physical disability, who meet the requirements of 10 U.S.C., Chapter 61 for disability retirement, and whose disabilities are not yet determined to be stabilized or permanent. Except for cases processed under imminent death procedures, members with unstable conditions rated at a minimum of 60 percent and which are not expected to improve to less than an 60 percent rating, shall be permanently retired.

**2081 Temporary Limited Duty (TLD)**

Specified period of limited duty, normally not to exceed 16 months per injury occurrence, authorized at a medical treatment facility by a medical board for cases in which the prognosis is that the member can be restored to full duty within the specified period. See paragraph 1001 and 1008.

**2082 Trustee**

a. 37 U.S.C. 602 authorizes the SECNAV to appoint any person to receive active duty or retired pay of an incompetent member for the benefit of the member. That authority has been delegated to the Defense Finance and Accounting Service (DFAS).

b. A trustee appointed by the DFAS for the purposes of 37 U.S.C. 602 is a person authorized to receive and distribute the active duty or retired pay of a member of the Navy or Marine Corps, for the benefit of the member, who has been found mentally incapable of managing his or her financial affairs. This person, or the primary next of kin, has authority to act for the member in electing the member's options following receipt of PEB findings.

**2083 Unauthorized Absence**

Any absence from duty without authority such as contemplated under Articles 85 and 86 of the UCMJ.

**2084 Unfit**

A finding by the PEB that the member is Unfit to continue naval service based on evidence which establishes that the member is unable to reasonably perform the duties of his or her office, grade, rank or rating, to include duties during a remaining period of Reserve obligation. The PEB requests service headquarters to separate or retire members found Unfit to continue naval service. See paragraph 2032 (Fit).

**2085 Unreasonable Refusal of Treatment**

Unreasonable failure to act in accordance with medical, surgical or dental treatment requirements. See paragraph 3413.

**2086 Willful Neglect**

Intentional, unjustifiable, and inexcusable failure of the individual to perform some act or duty:

a. required in the occupation in which the individual was engaged at the time of incurring a physical impairment, or

b. required of the individual as a legal obligation, or

c. which could be reasonably evident to the average individual as required to protect such an individual from foreseeable injury or harm. See paragraph 3410d.

**2087 – 2099 Reserved**